## WESTERN UNION TELEGRAPH COMPANY v. L. N. ODOM.

### Decided June 24, 1899.

**1. Telegraph Company—Damages for Mental Anguish.**

A brother may recover of a telegraph company for mental suffering resulting from a negligent mistake in transmitting a message sent to him by his father concerning a sister whereby it was changed from a statement that she was better into one that she was dead.

**2. Same—Charge—Liability for Negligence.**

An instruction in a suit to recover damages resulting from a mistake in a telegram, that the company is liable for negligent failure to correctly transmit the message, is not in conflict with a general charge that the telegraph company is not an insurer of absolute safety and accuracy in the transmission of messages.

**3. Same—Unrepeated Message—Want of Care Is Negligence.**

"Want of due care," as used in a stipulation in an agreement limiting the liability of a telegraph company for mistakes in the transmission of unrepeated messages, will be construed to mean negligence, against which it can not legally contract for immunity.

**4. Same—Negligence in Changing Word.**

The change of the word "better" to "dead" in the transmission of a telegram relating to a sick person's condition is such proof of negligence as will warrant the submission of the question of negligence to the jury, and the refusal of a requested charge to the effect that such change is not sufficient proof of negligence to entitle plaintiff to recover. Womack v. Telegraph Company, 58 Texas, 176, distinguished.

5. Same—Charge—Requirement of Accuracy.

The court may charge, in an action to recover for damages caused by a mistake in a telegram, that the company was not an insurer of absolute "accuracy" in the transmission of the message, and that if its servants exercised ordinary care to transmit and deliver "accurately" the message, that defendant is not liable, and the use of such expressions will not vitiate in a case where the mistake is unquestioned in the evidence.

6. Charge of Court.

A requested charge may be refused when the main charge gives essentially the same instruction.

APPEAL from Bowie.    Tried below before J. M. TALBOT.

*George H. Fearons* and *M. R. Geer*, for appellant.

*Smelser & Mahaffey*, for appellee.

FINLEY, CHIEF JUSTICE.—Suit for damages alleged on account of mental suffering caused by negligence of the telegraph company in converting a telegram to the effect that his sister was better into a message that she was dead.   The trial resulted in a verdict and judgment for plaintiff in the sum of $250, from which the company has appealed.

The plaintiff resided near the town of Red Water, in Bowie County, Texas, with his father, N. Odom.   He had a sister, Mrs. Mamie Harrison, who lived in the State of Arkansas.   N. Odom received a telegram informing him that his daughter was dangerously ill, and he at once left home to go to her bedside.   He promised the son that he would wire him on his arrival the condition of the sister.   On his arrival he found Mrs. Harrison much better, and she finally recovered.   He caused a telegram to be delivered to the company addressed to his son stating, "Mamie is better."   The message was accepted and the charges paid. The telegraph company delivered the message in the changed form, "Mamie is dead."   The plaintiff did not learn until two days later that his sister was not dead, and during that time he believed her dead and sustained great grief and sorrow, the same as though she had been in fact dead.   He did not go to his sister on receipt of the message, because he expected her remains to be brought there for burial, which would have been done had she died.

The message was an unrepeated day message, and printed thereon was a stipulation that the company would not be liable beyond the price of the message for mistakes in the transmission of the message unless paid for as a repeated message, for which an additional charge was required to be paid.   It was not shown how the change in the message occurred.   It appeared that a simple, plain message, "Mamie is better," was delivered to the company, and that the company delivered to appellee the message, "Mamie is dead."   It was proved by the operator at Texarkana that the condition of the instruments and wires at that point was all right; that he received the message, "Mamie is better," and sent it over the wires to Red Water in that form.   The operator at Red Water tes-

tified to the good condition of the instrument and wires at his office, and that he received the message and understood it, "Mamie is dead," and in this form delivered it to appellee. It appears that there was nothing unfavorable in the conditions to produce the mistake, and the conclusion is justified that it was the result of negligence on the part of some one of the operatives.

It is first contended by appellant that no recovery of damages can be had for mental suffering arising from a mistake of fact produced by a change in the message from that of good cheer to tidings of death. It is now a well settled doctrine in this State that recovery may be had for mental suffering occasioned by the negligent breach of a contract for the transmission and delivery of a telegraphic message. The right of such recovery, as determined by our Supreme Court, is based upon principles of common law, and not upon any local law peculiarly applicable to this State. The common law principle that for the wrongful breach of a contract the injured party may reover of the wrongdoer such damages as proximately result from the wrong, as laid down and expounded in the ancient case of Hadley v. Baxendale, is the underlying principle of our decisions sustaining the recovery of damages for mental suffering in telegraph cases. Tel. Co. v. Stuart, 66 Texas, 580; Tel. Co. v. Simpson, 73 Texas, 422; Tel. Co. v. Adams, 75 Texas, 531; Tel. Co. v. Moore, 76 Texas, 66; Tel. Co. v. Richardson, 79 Texas, 651; Tel. Co. v. Edmonson, 91 Texas, 206. It is an old principle applied to conditions which have arisen in modern times. The modern telegraph is controlled by business corporations with which the public is invited and practically compelled to deal in the quick transmission of important information. They are permitted to make and exact remunerative charges for the rapid and accurate transmission and delivery of messages, and our courts have wisely kept pace with the inventions and advancements of the age in evolving, from the established principles of the common law, just rules imposing upon these corporations liability for damages inflicted by the negligent breach of their contracts. There is perhaps no class of communications sent over telegraphic wires which is esteemed of greater concern by the general public than those messages which relate to sickness and death of near relatives, and they constitute a large portion of the business of telegraph companies. To hold that recovery may not be had for mental suffering occasioned by negligent breaches of contracts for the transmission of such messages, would give legal sanction to flagrant wrongs and put the public at the mercy of such corporations, in so far as this branch of telegraphic business be concerned. Had our courts failed to find a remedy in the common law, the Legislature would doubtless have furnished it through statutory enactments, for the principles of justice and humanity alike demand a remedy for all such wrongs. If these decisions of our courts are to continue to be recognized as sound expositions of the law, as we believe they should be, then the principle announced allowing the recovery of such damages must not be arbitrarily confined to cases where one is prevented from go-

ing to the sickbed or attending the funeral of a dear one, but it must also be given application to such other cases of mental anguish as the rules of reason and logic would extend it. Otherwise the decisions would and should be regarded as arbitrary and not resting upon sound principle. Assuming, then, that we are to administer the law upon established principles, not upon arbitrary rules announced by courts, we will attempt to apply the principles established by the decisions of our Supreme Court in the telegraph cases to the peculiar facts of this case. The appellee knew his sister had been very ill, his father, who went to her bedside in compliance with his promise previously made, contracted with the company to transmit and deliver to appellee the message that his sister was better. In breach of this contract the company delivered a message conveying the intelligence that his sister was dead. The company was apprised of the relation of the parties, knew that the message was intended to relieve existing anxiety, and must have known, had it contemplated the natural and probable effect of its act, that the delivery of a message to the effect that the sister was dead would cause appellee to suffer sorely from grief and sorrow. To suffer mental anguish under such conditions is that which would occur to persons generally, and must be held such a consequence as could have been reasonably contemplated, and therefore the proximate result of the wrongful act. If a telegraph company may contract upon valuable consideration paid to transmit and deliver a message of good cheer and negligently convert it into a message of death, inflicting grief and sorrow upon the addressee, free from responsibility for such injury, then the principles upon which our previous decisions are based fail, and that line of decision had better be abandoned, and the view of the question entertained by some other States, that recovery in telegraph cases for mental anguish can not be had, should be adopted. Then, perhaps, the Legislature will enact a reasonable law upon the subject which will afford the public protection from such wrongs.

The contention, therefore, that no recovery can be had for mental anguish upon the basis alleged and shown in this case, must be held contrary to established principles and unsound. The general demurrer was properly overruled. What has been said in the discussion of the first assignment applies with equal force to the second, third, and fourth assignments, and they are held not well taken.

It is next urged that the court erred in giving this special charge requested by plaintiff: "You are charged that if the mistake made in the transmission or delivery of the message was caused or brought about on account of or by reason of negligence on the part of the defendant or its agents or servants, then in that event the conditions and stipulations pleaded by defendant can not avail it anything in this action."

The first objection presented to the charge is, that it conflicts with the general charge that the telegraph company "is not an insurer of absolute safety and accuracy in the transmission of messages." The two propositions are not in conflict. To say that the company is liable for

negligent failure to correctly transmit a message, does not at all interfere with the instruction that it is not an insurer of such correct transmission.

The second objection urged to the charge is, that it is in conflict with that part of the general charge wherein the jury were in effect told that the message being an unrepeated message, the company could not be held liable unless the mistake occurred through its *misconduct, fraud, want of due care,* or negligence. We fail to find any conflict between these charges. "Want of due care," as used in the stipulation of the contract limiting the liability of the company, should be construed as meaning negligence. The company could not legally contract for immunity against its own negligence, and the language used puts the same limit on this part of the contract which the law would fix, independent of the express stipulation. Tel. Co. v. Neil, 57 Texas, 289.

The appellant asked this special charge, which was refused, and its refusal is assigned as error: "If you believe from the evidence that the message as delivered to plaintiff at Red Water, Texas, read, 'Mamie is dead,' and that the original message as filed with defendant at Stamps, Arkansas, reading 'Mamie is better,' was transmitted or delivered in a different form, then you are charged that the mere fact that there may have been a change of the word 'better' to 'dead,' then this change is not of itself such proof of negligence as will entitle plaintiff to recover."

The court charged that the plaintiff must prove that the mistake was occasioned by the misconduct, fraud, want of due care, or negligence of defendant. The evidence showed the delivery of a plain, simple message of three words, "Mamie is better." It was further shown that this message was correctly transmitted as far as Texarkana. It was shown that the wires and instruments were in good condition, and no unfriendly conditions of any character appear to have existed. The operator at Red Water swore that he understood the message as he received it from the wires through his instrument as "Mamie is dead," while the operator at Texarkana swore that he sent it over the wires "Mamie is better." Had the court given the charge asked the jury might have been misled into the conclusion that the court entertained the opinion that the evidence was insufficient to justify a finding of negligence on the part of the company. In a case of this character we have held that such a charge should not be given. Tel. Co. v. Elliott, 7 Texas Civ. App., 482. But it is insisted that such a holding is in conflict with Womack v. Telegraph Company, 58 Texas, 176. We do not so construe that case. In that case there was simply a mistake of a letter, and no evidence outside of the mistake bearing upon the issue of negligence. It was there held that a verdict would not be permitted to stand, resting wholly upon proof of such a mistake, and that it would have been idle ceremony to submit the issue of negligence to the jury, and for this reason a charge that evidence of the mistake was insufficient to justify a verdict was held justified. But the learned judge delivering the opinion seems to have anticipated that just such a construction of the decision

as is here now urged might be made, and to fortify against it he used this language: "It is not intended, however, to lay it down as an arbitrary rule, that in no case would the mere fact, of itself, that the message, as delivered at the place of destination, was different from that ordered to be sent, would not authorize a charge upon the question of negligence. There might be such apparent omissions or perversions in a message as thus delivered, from the one ordered, as would indicate such fraud or gross carelessness as would require that the question, as one of fact, should be submitted to the jury. But this strictness should not, under the authorities, be applied in a case like the present, where there was simply a mistake in one letter, and which might be consistent with a very high degree of skill and care."

The present case comes fairly within the qualification of the decision. See also The Law Relating to Electricity, by Croswell, section 407, and cases cited in note; Reed v. Tel. Co., 6 Am. Elec. Cas., 791.

We hold that there was no error in refusing the charge.

The refusal of this special charge is also assigned as error: "The message sued on or alleged to have been breached is an unrepeated message, and the defendant company is not liable for any mistake occurring in the transmission or delivery of same beyond the sum paid for transmitting it, unless such mistake was caused by the misconduct, fraud, or want of due care of defendant, its agents, or servants."

This charge is covered by the main charge in almost exact language, and while the main charge adds another clause this special charge would not have neutralized the effect of the additional clause referred to. It was therefore not error to refuse the special charge.

The last assignment complains of the use of the word *accurately* in two portions of the charge. First, where the jury was told that the company was not an insurer of absolute safely and *accuracy* in the transmission of the message. Second, where the jury were told that if the servants of the company exercised ordinary care to transmit and deliver *accurately* the message, the defendant was not liable. The mistake is unquestioned in the evidence, and we see no error in the use of the expression complained of.

No other error is presented, and the judgment will be affirmed.

*Affirmed.*