## WESTERN UNION TELEGRAPH COMPANY v. H. M. HINES.

Decided December 6, 1899.

**1. Telegraph Company—Mental Anguish.**

In an action against a telegraph company for damages for mental anguish caused by a telegram, which, through its negligence, was erroneously made to announce that the addressee's mother was dead, it is no defense to say that there was no real ground for the anguish, because the mother was in fact not dead.

**2. Same—Damages Held Recoverable.**

Where the addressee of a telegram which, through the negligence of the company, falsely states that his mother is dead, incurs expenses in sending his brother to the funeral and buying flowers for the grave, these are recoverable as the natural result of such negligence.

**3. Same—Unrepeated Message—Burden of Proof.**

Proof of error in a message as received makes out a prima facie case of negligence, and the burden is on the company to show an excusable cause for the error, or a contract limiting its liability because the message was an unrepeated one.

**4. Same—Harmless Error in Charge.**

In a charge wherein the liability of the telegraph company is made to depend throughout on the matter of negligence, error in stating that the company is a common carrier is harmless.

Appeal from Bexar. Tried below before Hon. J. L. Camp.

*L. T. Dashiell*, for appellant.

*W. W. King*, for appellee.

Fly, Associate Justice.—This suit was instituted by appellee to recover damages alleged to have accrued by reason of negligence in appellant in delivering a message to him totally different from the one sent to him. The trial resulted in a verdict and judgment for appellee in the sum of $780.

It was in proof that on November 26, 1897, Mrs. E. S. Reese, the sister of appellee, delivered to appellant, at Whiting, Kansas, the following message: "To H. M. Hines, 520 Market St., San Antonio, Texas: Mother started at nine to-night. E. S. Reese."

About 1 o'clock on the morning of November 27th, a message was received by appellee as follows: "H. M. Hines, Market St., S. A.: Mother died at nine to-night. E. S. Rece."

The mother of appellee was subject to heart trouble, and was expected by appellee to leave Kansas for San Antonio on the night the message was received. On the morning of the 27th of November, appellee being unable to leave San Antonio, started his brother to Kansas to attend their mother's funeral. The trip to Kansas cost appellee, for railroad, sleeping coach, etc., $54.45, and $5 or $6 was expended for flowers for the grave. On the night of November 26th the mother of appellee left Kansas for Texas, and arrived at San Antonio several days afterwards. Appellee was under the impression that she was dead until she arrived at his place of business in San Antonio. He suffered great mental anguish from the time the telegram was received until his mother arrived, and actually expended about $60 by reason of appellant's negligence in transmitting the message.

That there was gross negligence in the transmission of the message can not be denied, and it is established by the evidence that appellee suffered great mental anguish thereby, and we can not agree with the proposition that telegraph companies can negligently change messages in transmission, and by such change inflict damage to the mind and create suffering without being liable for it. It can be no defense to say that the news borne by the changed telegram was false, and that the mother of appellee was not dead, but arrived safely in San Antonio.

His suffering was just as intense between the time of reception of the message and the arrival of his mother as it would have been had she really been dead. Appellant had no right to inflict upon appellee, through it inexcusable neglect and carelessness, the suffering that he endured while believing his mother dead. The intelligence was the more shocking to him because he was expecting a message that his mother had left Kansas to visit him. In a case in which the facts are strikingly similar to the facts in this case, it was recently said by the Court of Civil Appeals of the Fifth District: "If a telegraph company may contract upon valuable consideration paid, to transmit and deliver a message of good cheer, and negligently convert it into a message of death, inflicting grief and sorrow upon the addressee, free from responsibility for such injury, then the principles upon which our previous decisions are based fail, and that line of decisions had better be abandoned, and the view entertained by some other States, that recovery in telegraph cases for mental anguish can not be had, should be adopted." Tel. Co. v. Odom, 21 Texas Civ. App., 537. What has been said disposes of the first, second, third, and fourth assignments of error.

We are of the opinion that it was within the contemplation of the parties that appellee would go to the burial of his mother, and if he was unable to go himself, we see no reason why the sending of his brother was not the natural result of the negligence of appellant. Tel. Co. v. Carter, 85 Texas, 580; Tel. Co. v. Stiles, 89 Texas, 312. The younger brother of appellee went as his substitute, the expenses of the trip being paid by the elder brother, and it should not alter the liability of appellant because the money was expended on the brother rather than the receiver of the message. The expenditure of the money resulted directly from the negligence of appellant.

It is insisted by appellant that the message should have been repeated by appellee, but it is neither pleaded nor proved that a contract had been entered into between the sender of the telegram and appellant by which it was agreed that, to fix the liability of appellant for damages, the message should be repeated. In fact no contract whatever is pleaded by appellant. There being no special contract limiting the liability of appellant, proof of the error in the message made out a prima facie case, and the burden rested upon appellant to prove that the error resulted from excusable cause, and not from negligence. Tel. Co. v. Edsall, 63 Texas, 668; Tel. Co. v. Hearne, 77 Texas, 83.

Under the facts of this case no kind of a contract could have exonerated appellant from liability, because it is evident that the mistake in the message resulted from a total lack of care upon the part of the servants of appellant. If the duty devolved upon anyone to repeat the message, it was appellant and not appellee. Railway v. Wilson, 69 Texas, 739; Tel. Co. v. Rosentreter, 80 Texas, 406.

In the third paragraph of the charge the court instructed the jury that: "Defendant company is a common carrier, and in the discharge of the duty assumed in transmitting and delivering messages for com-

pensation, they are held to the exercise of such care and diligence as is reasonably adequate to the discharge of their duty." In succeeding paragraphs the liability of appellant is made dependent on negligence on its part. The charge quoted is objected to on the sole ground that the court stated that appellant was a common carrier. While it was not strictly correct to say that appellant was a common carrier, still, as its liability, in the charge objected to, as well as succeeding parts, is made to rest on negligence, we do not think any injury resulted therefrom. The verdict is not excessive.

The judgment is affirmed.

*Affirmed.*