[Daffin v. C. W. Zimmerman Mfg. Co.]

# Daffin *v.* C. W. Zimmerman Mfg. Co.

### Trespass Quare Clausum Fregit.

(Decided Dec. 17, 1908.   48 South. 109.)

1. *Estate in Lands; Life Tenants; Injury to Realty.*—A life tenant cannot recover for timber cut from the lands, the remaindermen alone being entitled to recover therefor.

2. *Same; Trespass; Damages.*—Where there was evidence tending to show that the land was cut up and rendered less accessible by the entry of the defendant to cut the timber, the life tenant was entitled to more than nominal damages, even though he could not recover for the timber cut.

3. *Trespass; Evidence.*—In an action for trespass for damage to land by entering thereon and cutting timber, the fact that the logs that were removed therefrom were delivered to defendant, was admissible as tending to show that the trespass was committed by the defendant and with its knowledge and consent.

APPEAL from Mobile Circuit Court.

Heard before Hon. W. J. YOUNG, Special Judge.

Trespass quare clausum by William W. Daffin against the C. W. Zimmerman Manufacturing Company. From a judgment for defendant, plaintiff appealed. Reversed and remanded.

W. D. DUNN and A. L. McLEOD, for appellant. Grow-ing trees are a part of the land and the plaintiff had a right to show the condition of the land before and after the trespass in order that the damages might be ascer-tained.—*Brinkmeyer v. Bethea,* 139 Ala. 376; 3 Cyc. 36; Sullivan on Damages, 1020. The court erred in ex-cluding the evidence introduced for the purpose of show-ing notice to the defendant company of the plaintiff's rights.—Authorities, supra. The court erred in giving the affirmative charge.—2 Mayf. p. 562; *Union N. S. Co. v. Pugh,* 47 South.

R. W. STOUTZ, STEVENS & LYONS, and J. FRED ALD-RIDGE, for appellee. The court properly gave the affirmative charge for the plaintiff.—*Abercrombie v. Wyndham*, 127 Ala. 179. There was no proof of participation direct-ly by defendant.—*Cent. of Ga. Ry. Co. v. Freeman,* 140 Ala. 581; *City Del. Co. v. Henry,* 139 Ala. 161. Counsel discuss other assignments of error, but without citation of authority.

ANDERSON, J.—When this case was here before (149 Ala. 380, 42 South. 858, 9 L. R. A. [N. S.] 663) it was held that the plaintiff, being only a life tenant, could not maintain trover or trespass for converting or taking the trees, but could maintain trespass quare clausum fregit, and recover such actual damages as he sustained to his possession, and the complaint was amended to meet this holding. The inquiry then was: What damage was done to the plaintiff's use and enjoyment of the premises, as distinguished from what might be termed a permanent injury to the freehold? It is true the land was of such character and condition as to be susceptible of but little injury, other than denuding it of the timber, and for which the remaindermen, and not the plaintiff, are the proper ones to seek redress; yet there was evidence from which the jury could infer injury to the plaintiff's possession, and upon which they could predicate some damage, be it ever so little. There was proof that it was cut up by many deep roads and ruts and rendered less accessible to the plaintiff. In fact, it was said in the former opinion that the plaintiff was entitled to recover nominal damages, which would render the giving of the general charge improper. We may add that the proof on this trial could have justified more than nominal damages for the trespass. There was also proof from which the jury could infer that the defendant was

liable for the trespass, and the trial court erred in giving the general charge for the defendant.

The plaintiff should have been permitted to prove that the logs hauled from the land were delivered to the defendant, as this was a circumstance tending to show that the trespass was committed by it and with its knowledge and consent. Conceding that the complaint, in this case comes within the influence of the case of.*City Delivery Co. v. Henry,* 139 Ala. 161, 34 South. 389, there was evidence from which the jury could infer that the defendant ordered, directed, or sanctioned the trespass. Indeed, there was evidence unchallenged that the defendant had the hauling done (testimony of Commillion and Tompkins). Nor does the evidence show that the trespass was at intervals and so discontinuous in its character as to bring this case within the influence of *Abercrombie v. Wyndham,* 127 Ala. 179, 28 South. 387.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

Tyson, C. J., and Simpson and Denson, JJ., concur.