# Sloss-Sheffield Steel & Iron Co. v. Dickinson

### Assault and Battery.

(Decided May 12, 1910.    52 South. 594.)

1. *Convicts; Labor Contracts; Assault.*—Where it appeared that the defendant corporation was operating its mines under rules promulgated by the state board regulating corporal punishment of convicts which authorized and required such punishment, the defendant was not entitled to the general charge in an action by a convict for assault and battery, because a corporate wrong was alleged.

2. *Same.*—The whipping in this case was unreasonable, if not for proper cause and there was proof authorizing the jury to infer that the whipping for neglect of duty was cruel.

3. *Same.*—The defendant was liable for the assault, although the whipping was done by a state deputy warden, if the servant of defendant to whom plaintiff, a convict, was hired, wrongfully caused the convict to be whipped.

4. *Assault and Battery; Damages; Pleading.*—Unless specially claimed compensatory damages may not be recovered in an action for assault and battery.

(Mayfield and Sayre, JJ., dissent.)

APPEAL from Walker Circuit Court.

Heard before Hon. JAMES J. RAY.

Action by W. M. Dickinson, a convict, against the Sloss-Sheffield Steel & Iron Company, for assault and battery. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Plaintiff was a county convict from Walker county, and was hired to the Sloss-Sheffield Steel & Iron Com-

pany, and worked by them under the regulations prescribed by the state board of convict inspectors for working convicts. The assault and battery charged as having been committed by the defendant grew out of corporal punishment inflicted by the deputy warden for an alleged infraction of the rules. Seven lashes were administered with a leather strap, and the plaintiff lost no time from his work. The main controversy was over the disputed fact as to whether or not the plaintiff was chargeable with slate found in the coal cars under plaintiff's check number; plaintiff being what is known as a check runner, with a number of miners working under him, and the coal mined by them sent out under his check number. The task of each miner was 20 tons a day, and the check runner was responsible for the task of the men under him, and also responsible for the quality of the coal. Plaintiff claims that when he was whipped he was told that he was whipped because he was two cars short, and defendant contends that he was whipped for having slate in the coal after being warned against sending out slate, and after having been accused of a former dereliction.

The following charges were refused to the defendant: (2) Affirmative charge as to the second count. (4) "The court charges the jury that you cannot allow the plaintiff any damages under the first count for mental suffering and humiliation." (6) "If the evidence reasonably satisfies you that Mr. Hall, who whipped the plaintiff, was at the time deputy warden, in the service of the state, you must find for the defendant."

BANKHEAD & BANKHEAD, for appellant. Each count charged an act of the defendant itself not for the unauthorized act of the servant for which it was responsible, and the defendant was entitled to the general af-

firmative charge.—*City D. Co. v. Henry,* 139 Ala. 161.; *Bir. South. v. Gunn,* 141 Ala. 372; *Bir. B. R. R. Co. v. Gerganous,* 142 Ala. 238. On these authorities charges 1 and 2 should have been given. Charge 4 should have been given as compensatory damages were not claimed. —*Irby v. Wilde,* 43 South. 574. The damages were excessive and the court should have awarded a new trial. —*Bir. R. & E. Co. v. Ward,* 27 South. 471.—13 Cyc. 130.

M. B. McCullom, and A. F. Fite, for appellee. Counsel discuss refused charges 5, 1 and 2, but without citation of authority. They insist that charge 4 was properly refused on the authority of *Dothard v. Sheid,* 69 Ala. 135. Counsel also discuss charges 6 and 7, as well as the application for a new trial, but without citation of authority.

ANDERSON, J.—This is an action for assault and battery, and the appellant contends that, inasmuch as it charges a corporate wrong, the defendant was entitled to the general charge, under the *Henry Case,* 139 Ala. 161, 34 South. 389, and subsequent cases approving same. Whether the rule there laid down would or would not apply to an action of this character is immaterial, for, if it did, there was evidence from which the jury could infer that the whipping of the plaintiff was inflicted under a rule adopted by the defendant corporation and which was in existence at the time of the whipping. The state board promulgated certain rules as to inflicting corporal punishment, and the jury could infer that the defendant was operating its mine under said rules, and authorized and required corporal punishment when the task was checked up short, or when the coal cars contained slate and dirt. The defendant was not, therefore, entitled to the general

charge upon the theory advanced in brief.—*Daffin v. Zimmerman,* 158 Ala. 637, 48 South. 109.

It is insisted that charge 2 should have been given for the defendant, for the reason that the second count charges cruel and unreasonable punishment. It was a question for the jury as to whether or not the punishment was cruel and unreasonable. It was clearly unreasonable, if not given for a proper cause, and there was proof from which the jury could infer that it was cruel.

The first count of the complaint was in Code form, and contained no claim for mental anguish. This court, in the recent case of *Powell v. Schimpf,* 154 Ala. 665, 44 South. 1044, reaffirmed the case of *Irby v. Wilde,* 150 Ala. 402, 43 South. 574, and stated in the opinion in manuscript, but which is not reported in full, that compensatory damages could not be recovered in an action for assault and battery unless specially claimed. We now adhere to this rule, and hold that the trial court erred in refusing charge 4 requested by the defendant.

There was no error in refusing charge 6, requested by the defendant. There was proof from which the jury could infer that the defendant's servants wrongfully caused the whipping, and if they so caused it the defendant would be liable, notwithstanding Hall may have been the deputy warden of the state.

For the error heretofore pointed out, the judgment of the law and equity court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.

MAYFIELD and SAYRE, JJ. (dissenting).—We cannot accede to the proposition that a complaint in

the Code form for an assault and battery will not authorize the recovery of actual damages for physical pain and injury, the result of the beating alleged. In this case the undisputed evidence showed that the plaintiff was whipped and beaten with a leather strap, and we are unable to understand why, if entitled to recover at all, he was not entitled to recover actual damages for the pain and suffering, the result of the beating, which was both alleged and proven. The result of the holding in this case is that, in an action for assault and battery, in which the complaint is in the form prescribed by the Code, the plaintiff cannot recover any actual damages, but only nominal or vindictive damages. We do not think this was the intention of the Legislature when it prescribed this form and made it sufficient; nor do we think the rule here announced consonant with a proper construction or application of the rules of pleading and practice, whether they be common-law or Code form. We think the Code form was intended, and is sufficient, to support a judgment for actual damages, if the evidence warrants it.

In this case, of course, it is conceded that the evidence warranted actual damages, if it did nominal damages. There can be no doubt that this complaint, in the Code form as it was, would authorize evidence that defendant beat plaintiff; and, if shown, as it was in this case, that he was so beaten with a leather strap, it certainly cannot be denied that pain and suffering were the natural consequence of such beating. This being true, it is difficult to assign a reason why such damages are not recoverable. The error the court has fallen into results from following a dictum in the case of *Irby v. Wilde,* 150 Ala. 402, 43 South. 574, and holding that, because there may be a technical assault and battery without pain or anguish, if such damages are sought to

be recovered they are special, and must be specially pleaded. The questions decided in *Irby's Case* were probably correctly decided, but the dictum which this case follows is wrong. The truth is that pain and suffering are necessary results of beating a person with a strap, or even with the hand or fist; and the damages resulting therefrom are general, as distinguished from special. If not, then there are no general damages in actions of assault and battery. The mere fact that the evidence in some cases might show that there was no pain or suffering does not prove that such are special and not general damages, when proven. In such cases it is a mere failure of proof, and not of pleading.

The rule that special damages, to be recovered, must be alleged with particularity, while general damages need not be specially pleaded, is a rule of pleading, not of fundamental right. The end of the rule is that the defendant may not be taken by surprise on the trial. It is, however, a rule of right that recoverable damages, whether general or special, must result proximately from the wrong charged. The necessary relation of cause and effect between the injury done and the damages suffered must be shown. There are many cases which state in a loose way that general damages are such as necessarily result from the injury counted on. But the expression must be accepted with some reserve. General damages are such proximate damages as result in the usual course of things, and of which the defendant does not need to be specially informed. General damages are defined by the Supreme Court of Massachusetts as "only such damages as any other person, as well as the plaintiff, might, under the same circumstances, have sustained from the act set out in the declaration."—*Baldwin v. Western Railway Corp.*, 4 Gray (Mass.) 333. They are presumed to follow the wrong

[Shelton v. Hacelip.]

charged, though they may in fact be nominal only. Special damages are such as result proximately, but not ordinarily, from the wrong complained of. They are either superadded to general damages arising from an act injurious in itself, or are such as will arise from an act not actionable in itself, but injurious only in its consequences—such as really occur. Of a claim of such damages the defendant ought to be specially informed. The law of the subject was stated by Chief Justice Stone in *Dowdall v. King*, 97 Ala. 635, 12 South. 405. But, except in quotation, he found no use for the word "necessary" in the description of general damages. See Wat. Per. Inj. § 690.