WESTERN UNION TELEGRAPH CO. v.
GOODWIN. (No. 8065.)

(Court of Civil Appeals of Texas. Ft. Worth.
Dec. 19, 1914. Rehearing Denied
Jan. 16, 1915.)

1. TELEGRAPHS AND TELEPHONES ☞67—DELAY IN TRANSMITTING MESSAGE—CONTEMPLATED DAMAGES.

Where a person sending money by a telegram notified the telegraph company's agent that his wife was dangerously ill and needed the money, and that it was being sent for her benefit, the increased physical and mental suffering occasioned to the wife by negligent delay in delivering the telegram were reasonably within the contemplation of the company as a result of such negligence.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 64-68; Dec. Dig. ☞67.]

2. TELEGRAPHS AND TELEPHONES ☞73—DELAY IN TRANSMITTING MESSAGE — ACTION FOR DAMAGES—EVIDENCE—PEREMPTORY INSTRUCTION.

Where, in an action for damages from delay in delivering a telegram, plaintiff's evidence, though contradicted, materially supported his allegations of damages, the court properly refused defendant's request for a peremptory instruction.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 76; Dec. Dig. ☞73.]

3. NEW TRIAL ☞76—EXCESSIVE RECOVERY—JURISDICTION—DISCRETION.

Where the trial court believed that the verdict in a damage case was excessive, he had

jurisdiction to grant a new trial on account thereof.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 153-156; Dec. Dig. ☞76.]

4. TELEGRAPHS AND TELEPHONES ☞71—DELAY IN DELIVERING TELEGRAM—EXCESSIVE DAMAGES.

A recovery of $1,250 for physical and mental suffering caused by a negligent delay of seven or eight days in delivering a telegram transmitting money, in consequence of which plaintiff's wife, who was dangerously ill, suffered additional pain for want of proper medical attention and supplies, which she was unable to procure for want of money, and also suffered mental worry from failure to receive the money, was excessive above $500.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 74; Dec. Dig. ☞71.]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by G. H. Goodwin against the Western Union Telegraph Company. From judgment for plaintiff, defendant appeals. Affirmed conditionally.

J. M. Wagstaff, of Abilene, and N. L. Lindsley, of Dallas, for appellant. Scarborough & Hickman, of Abilene, for appellee.

DUNKLIN, J. This is the second appeal of this case, the disposition of the former appeal being shown in 160 S. W. 107, and the following is copied from that opinion as a correct statement, tested by the record on this appeal:

"While G. H. Goodwin and wife were residing in Abilene, Tex., Mrs. Goodwin visited her mother, Mrs. M. E. Backus, whose home was in Meridian, Miss. During this visit Mrs. Goodwin became ill, and, being without money, had her mother to wire her husband that she was ill, and requesting him to send her $25 by telegram at once. This message was received by the plaintiff on September 6, 1911. On September 7th the Farmers' & Merchants' National Bank at Abilene, at plaintiff's instance, wired Mrs. M. E. Backus, as follows: 'September 7, 1911. Mrs. M. E. Backus, Meridian, Miss.: Will pay your draft for thirty dollars.' This message was, on the day of its date, delivered to the agent of the Western Union Telegraph Company at its office in Abilene for transmission, and at the same time plaintiff delivered it he told the agent that his wife was dangerously ill in Meridian, and needed the money, and that the money was being sent to Mrs. M. E. Backus for her benefit, also informing the agent that Mrs. Backus was his wife's mother. This message was not delivered to the addressee until September 14th or 15th; the delay being caused by the fact that by mistake the agent at Abilene filed it among papers pertaining to business already disposed of, and on account of this mistake it was overlooked. Between the dates September 7th and 14th two other messages were sent to the plaintiff by his wife, inquiring why he had not sent her the money as requested. Upon receipt of both of these inquiries, plaintiff went to the telegraph office in Abilene, and was there told that the message had been sent. During the same period repeated inquiries were also made at the telegraph office in Meridian; the response to which inquiries being that no such message had been received there. As soon as the message was received, the money was promptly collected upon a draft drawn by Mrs.

Backus upon the sender, and the funds thus realized were turned over to Mrs. Goodwin.

"G. H. Goodwin instituted this suit against the telegraph company, alleging the foregoing facts in substance, basing thereon a charge of negligence on the part of the defendant in delaying the transmission and delivery of the message, and alleging, further, that for lack of funds his wife was deprived of proper medical attention and supplies, and suffered additional physical pain by reason thereof, and that she also suffered mental worry on account of her failure to receive the money, and that in her delicate condition her mental worry further accentuated her physical pain, for all of which suffering plaintiff claimed damages."

The trial resulted in a judgment for the plaintiff in the sum of $1,250, and the defendant has appealed.

Appellant contends that all the damages claimed in the petition were too remote, and upon that contention predicates an assignment of error to the action of the court in overruling a general demurrer to the plaintiff's petition, and another assignment that the court erred in refusing a peremptory instruction to the jury, requested by the defendant, to return a verdict in favor of the defendant. Another contention presented is that damages claimed for the alleged mental suffering of Mrs. Goodwin were too remote and speculative, and that contention is made the predicate for an assignment to the action of the court in overruling a special exception to plaintiff's petition, presenting it.

[1, 2] Dr. W. J. Anderson, who attended Mrs. Goodwin during her illness in Meridian, testified in part as follows, relative to the condition of his patient:

"Her condition was pretty serious, and I did not know just what her condition might terminate in. The illness of Mrs. Lucile Goodwin was of such a nature as to produce nervousness in a patient to a high degree, and any great mental strain or worry would tend to lessen her chances of recovery. Her condition would produce nervousness, as she was suffering a great deal of pain; hence any mental strain would, of course, lessen her chances of recovery, or retard her recovery, in the condition she was in."

Mrs. M. E. Backus, mother of Mrs. Goodwin, testified that her daughter became very sick upon the occasion in question and needed medical attention, and that on account of her own illness she, the mother, was unable to nurse and care for her. She further testified as follows:

"She did not have sufficient funds to secure the proper medical attention in her condition. She certainly worried a whole lot on account of the failure to receive the money. My daughter, Mrs. G. H. Goodwin, was quite sick about the 5th of September (the date plaintiff's wife sent the message requesting him to send her the money) and needed money, so she could go to a sanitarium and have a trained nurse to wait on her, as I not really able to do my household duties and wait on her, too."

W. G. Backus, father of Mrs. Goodwin, after testifying that his daughter was seriously ill and confined to her bed, said:

"I was not financially able to bear the expenses of physician's or surgeon's fees on account of illness in the family of any kind."

Mrs. Goodwin testified in part as follows:

"I did not have any money at all during the 10 days I was in bed. I needed something during my illness in the way of medical treatment I was not able to secure without means. Dr. Anderson gave me two prescriptions to have filled, and on account of not having the money I didn't get it. I also needed some one to look after myself and baby, as she was taken sick when I was. The whole time I was sick I worried so from not hearing from my husband at such a time that my fever rose several evenings from worry. Dr. Anderson remarked one evening that I would have to stop worrying over anything if I pulled through at all. I had my sister go to the Western Union every day, and they would always remark: 'If her husband had wired your sister any money, she would have gotten it.' And therefore I was at a loss to know what to do or think. At the time I received the money I was still sick. I needed the money for different things. I also needed medicine I didn't get the whole time I was sick until I received the money. I was at the house of my mother, but she was not able physically or financially to give me the right attention she could have given me if she had the money."

In view of the information given to defendant's agent at Abilene by the plaintiff at the time the message was deposited in that office for transmission relative to the condition of his wife's health and her necessities, we are of the opinion that the physical and mental suffering indicated by the testimony noted above were reasonably within the contemplation of the defendant as a result of a negligent failure on its part to transmit the message with reasonable dispatch, and that the trial court did not err in overruling defendant's general demurrer and special exception. We so ruled on the former appeal, and are convinced that there was no error in that ruling. W. U. Telegraph Co. v. Simpson, 73 Tex. 426, 11 S. W. 385; W. U. Telegraph Co. v. Cooper, 71 Tex. 507, 9 S. W. 598, 1 L. R. A. 728, 10 Am. St. Rep. 772; Womack v. W. U. Telegraph Co., 22 S. W. 417; W. U. Telegraph Co. v. Odom, 21 Tex. Civ. App. 537, 52 S. W. 632; W. U. Telegraph Co. v. Burgess, 56 S. W. 237; W. U. Telegraph Co. v. Richards, 158 S. W. 1187; W. U. Telegraph Co. v. Mooney, 160 S. W. 318; W. U. Telegraph Co. v. Chilson, 168 S. W. 878.

The testimony quoted above tended in a material respect to support plaintiff's allegations of damages, and, although it was strongly controverted by evidence offered by the defendant, the trial court did not err in refusing defendant's request for a peremptory instruction in its favor. And in view of the same testimony there is no merit in the contention presented by another assignment of error that:

"The undisputed evidence shows that plaintiff's wife was not deprived of any needed medical attention by reason of not receiving the $30 wired the plaintiff's wife's mother by the Farmers' & Merchants' National Bank."

[3, 4] By another assignment defendant insists that the verdict of the jury was excessive. The order of the trial court overruling defendant's motion for a new trial reads:

"Now at this time came on to be heard the defendant's original motion for a new trial herein, and the court, having heard the same and the argument of counsel thereon, is of the opinion that he has no right to go behind the finding of the jury on the measure of damages, and for that reason will have to overrule said motion; but in this connection, if this court did have the right to go behind the verdict of the jury on the facts in this case and the measure of damages, this court would hold that said judgment is excessive over and above the amount of $500, and the court, being of the opinion that he has no right to invade the province of the jury on the measure of damages in this case, does not require the plaintiff to file a remittitur, and it is therefore ordered that said motion be and the same is hereby in all things overruled."

We interpret that order as a finding by the trial judge that the amount of the verdict over and above $500 was excessive, but that, as the jury were the exclusive judges of the weight of the evidence, he had no legal authority to set aside the judgment and grant a new trial on account of that excess. If such construction of the order is correct, then the trial court erred in refusing to grant a new trial, for clearly he had legal authority so to do under such circumstances. But if we have incorrectly construed the court's order, we yet concur with the trial judge in his finding that the verdict was excessive in the amount stated.

Accordingly, we sustain appellant's assignment of error addressed to the action of the trial court in overruling the motion for new trial, and reverse the judgment and remand the cause, unless appellee shall, within 10 days from the date of this decision, file a remittitur in the sum of $750; but, if such remittitur is filed, then the judgment will be reformed and affirmed for the principal sum of $500.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes