[Irby v. Wilde.]

# Irby *v.* Wilde.

*Action for Damages for Assault and Battery.*

(Decided April 11, 1907.   43 So. Rep. 574.)

1. *Assault and Battery; Damages; Special Damages; Complaint.*—
   The Code form for an action for assault and battery covers
   only such general damages as arise from the injury which
   the law implies from the commission thereof, and if special
   damages are sought, they must be specially pleaded.
2. *Damages; General and Special Damages; Distinction.*—General
   damages are such as are presumed to result necessarily from
   the act complained of, and may be recovered under a general
   allegation of damage; special damages are the natural, though
   not the necessary, result of the injury complained of, and
   must be specially pleaded.
3. *Same.*—In assault and battery physical pain caused by the bat-
   tery, loss of time from business, and the amount paid to a
   physician to treat plaintiff's wounds, are elements of special
   and not general damage.

APPEAL from Barbour Circuit Court.
Heard before Hon. A. A. EVANS.
Action by George H. Wilde against L. E. Irby for
assault and battery. From a judgment for plaintiff
for $500, defendant appeals. Reversed and remanded.
The complaint followed the Code form, and contained
no allegation of special injury as a basis for a claim for
damages.

A. H. MERRILL, and PEACH & THOMAS, for appellant.
The complaint followed the code form and special dam-
ages were not recoverable thereunder unless specially
pleaded. As to what are special and general damages
the court's attention is directed to the following au-
thorities.—5 Ency. P. & P. pp. 717-721, note 2, p. 719
and authorities cited therein.—*Hooper v. Armstrong,*
69 Ala. 343; *Dowdell v. King,* 97 Ala. 635; *Boggan v.
Bennett,* 102 Ala. 400; 13 Ala. 490. This rule applies

to complaints for damages for assault and battery, although in code form.—*Ross v. Malone,* 97 Ala. 529; *Lewis v. Paul,* 42 Ala. 136; 2 Mayf. p. 1029. Loss of time from work or business is special damages.—4 Ency P. & P. p. 758, and note, p. 753; *M. R. R. Co. v. Dawson,* 29 S. W. 1106. So is the sum paid for medical attendance or treatment.—5 Ency. of P. & P. 751.

G. L. COMER, for appellee.—That the ruling of the court on the admission of evidence and the giving or refusing of charges, were correct, and that special damages may be recovered, for damages for assault and battery when the complaint is in code form, the following cases are cited.—*Bir. R. & E. Co. v. Baird,* 130 Ala. 334; *Mitchell v. Gambrill,* 140 Ala. 316; *Thomason v. Gray,* 82 Ala. 291; *Lunsford v. Walker,* 8 South. 386; *Lochte v. Mitchell,* 28 South. 877; *Phillips v. Kelly,* 29 Ala. 628; *Y. & M. V. R. R. Co. v. Williams,* 39 South. 489; *L. S. & M. S. R. R. Co. v. Prentice,* 147 U. S. S. C. 101; *Doremus v. Hennessy,* 62 Ill. App. 391; 1 Southerland on Damages, pp. 158-9-725-729; 2 Greenl. on Ev. sec. 267.

TYSON, C. J.—This action was brought to recover damages for an assault and battery alleged to have been committed by defendant upon the plaintiff. The complaint is in the Code form, and is in this language: "The plaintiff claims of the defendant twenty-five hundred dollars, damages for an assault and battery committed by defendant on the plaintiff, viz., on or about the 8th day of February, 1906."

Against the defendant's objection the plaintiff was permitted to prove that he lost 10 days from his occupation or business, and that this lost time was reasonably worth $4 per day, and also that he employed a physician to treat his wounds, whose services were reasonably worth $10, which he paid. The grounds of objection interposed to this testimony was that the damages proven were special, as distinguished from general, damages, and were not, therefore, claimed in the complaint. In other words, the question raised is whether, under the allegations of the complaint, although in the

form prescribed by the Code, the plaintiff is limited in his recovery, to general damages; and, if so, was the value of his lost time and of the physician's services within that class? Or, if they are special damages, are they recoverable, unless alleged and claimed in the complaint? Since the decision of *Lewis v. Paull*, 42 Ala. 138, it has been uniformly held by this court that the Code form does not dispense with the averment of special damages, whenever they are necessary to be averred at common law, in order to entitle a party to recover them. In *Dothard v. Sheid*, 69 Ala. 135, it is said: "The form of complaint laid down in the Code was designed only to cover general damages, or such as necessarily result, and which the law implies, from the injury complained of; the defendant being presumed to be aware of the necessary consequences of his conduct, and therefore not liable to surprise in the proof of them." See, also, *Pollock v. Gantt*, 69 Ala. 373, 44 Am. Rep. 519; *Ross v. Malone*, 97 Ala. 529, 12 South. 182. In the latter case cited special damages were not allowed to be recovered, because not alleged in the complaint although in Code form. The quotation above from *Dothard v. Sheid* is a correct statement of the common-law rule with respect to the recovery of general damages, where the complaint contains no more than a general allegation of damages. If we may be pardoned for repetition, we will restate the rule as collated from numerous cases by the author of the article on the subject of damages as found in 5 Ency. of Pl. & Pr. pp. 717-719: "General damages are such damages as the law holds to be the necessary result of the cause of action set forth in the declaration or complaint, need not be specially pleaded, but may be recovered under the general allegation of damage. The defendant is presumed to know the damages which necessarily result from his own acts, and consequently he cannot be taken by surprise, when evidence of such resulting damage is admitted and shown under the ad damnum or general allegation of damage. * * * Special damages, which are the natural, but not necessary, result of the injury complained of, must be specially alleged. Such injuries

[Marbury Lumber Company, et al. v. Wainwright.]

do not necessarily result from the defendant's wrongful act, but flow from it as a natural and proximate consequence; hence they must be specially alleged, in order that the defendant may have notice thereof and be prepared to meet the same upon the trial."

We entertain the opinion that the damages under consideration, which were allowed to be proven, were not general, but special, damages—not the necessary result of the assault and battery, as alleged, and, not being alleged, should not have been allowed to be proved. 2 Chitty on Pleading, p. 612; 5 Ency. Pl. & Pr. pp. 751-758; *Slaughter v. Metropolitan St. Ry. Co.*, 58 Am. & Eng. R. Cases, 607; *Missouri R. R. Co. v. Dawson*, 28 S. W. 1106, 10 Tex. Civ. App. 19.

Nor can it be affirmed that physical pain was the necessary result of the battery alleged. If this is sought to be recovered as damages, it should be averred. Physical pain may be produced by a battery, but it does not necessarily follow from every battery. The act of violence may be so slight as not to produce any bodily pain and suffering whatever, and yet it would be actionable, for which general damages could be recovered.

Reversed and remanded.

DOWDELL, ANDERSON. and McCLELLAN, JJ., concur.

*Action for Damages for Assault and Battery.*

