(77 South. 915)

## WILLIAMS v. HAYES. (8 Div. 440.)

(Court of Appeals of Alabama. Jan. 22, 1918.)

1. DAMAGES ⬦⟞160—PLEADING—EXPENSE INCURRED.

Evidence that plaintiff incurred expense of employment of counsel to protect him against the unlawful arrest and malicious prosecution was properly excluded, where such expense was not specially claimed as damage in the complaint for false imprisonment and malicious prosecution.

2. PLEADING ⬦⟞246(3)—RIGHT TO AMEND—SUBJECT-MATTER.

After the court had ruled that evidence of expense incurred by plaintiff in employing counsel to protect him against the unlawful arrest and malicious prosecution was inadmissible because not specifically claimed, it was reversible error to deny the right to amend so as to specifically claim damages for such expense.

Appeal from Circuit Court, Lawrence County; R. C. Brickell, Judge.

Action by J. W. Williams against James R. Hayes. From a judgment for plaintiff for nominal damages, he appeals. Reversed and remanded.

G. O. Chenault, of Albany, and P. M. Brindley, of Hartselle, for appellant. W. P. Chitwood, of Moulton, for appellee.

BROWN, P. J. The first count of the complaint is in trespass for false imprisonment, and the second in case for malicious prosecution. The case was tried in the court below on the assumption that the process under which plaintiff was arrested and tried was void, under a decision of the Supreme Court, not cited by either of the parties in brief, and we will treat the case on the same theory.

The plaintiff recovered nominal damages, and from the judgment on the verdict of the jury appeals.

[1] During the progress of the trial, the plaintiff offered evidence to show that by reason of his arrest and prosecution he incurred expense in the employment of counsel to protect him against the unlawful arrest and malicious prosecution, and the court sustained an objection interposed by the defendant to this evidence, and correctly so, because such damages were not specially claimed in the complaint.

[2] As soon as this ruling was announced, the plaintiff asked leave of court to amend the complaint so as to specially claim such damages, and the court declined to allow the amendment, and in this ruling committed reversible error. Fields v. Karter, 121 Ala. 329, 25 South. 800; Springfield Fire Ins. Co. v. De Jarnett, 111 Ala. 248, 19 South. 995; Boshell v. Cunningham, 200 Ala. 579, 76 South. 937.

Reversed and remanded.