(80 South. 434)

**ST. LOUIS & S. F. RY. CO. v. TRICE.**
(6 Div. 815.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. CARRIERS ⬤➡283(2)—INJURIES TO PASSENGER—NEGLIGENCE.

If any of a carrier's servants, in charge of a train which plaintiff was in the act of boarding, negligently pushed or shoved her against the car steps or platform, it was a breach of duty for which the carrier was liable.

2. DAMAGES ⬤➡148 — PERSONAL INJURIES—PLEADING.

Damages for the cost of medicines or medical treatment cannot be recovered in a personal injury action, unless specially claimed.

3. TRIAL ⬤➡62(2)—RECEPTION OF EVIDENCE—REBUTTAL.

In a personal injury action, where defendant brought out on plaintiff's cross-examination that she did not call in a doctor, it was competent for plaintiff in rebuttal to testify that she applied medicines to her alleged injuries, although she did not claim damages for the cost of the medicines.

4. APPEAL AND ERROR ⬤➡1059 — HARMLESS ERROR—EVIDENCE.

In an action by a passenger for injuries from being shoved against a platform, the exclusion of testimony by the flagman who shoved her that he held no malice toward plaintiff was without prejudice, where the issue of willful or wanton negligence was withdrawn from the jury.

5. APPEAL AND ERROR ⬤➡1058(2) — HARMLESS ERROR—EXCLUSION OF EVIDENCE.

In an action for personal injuries, exclusion of testimony that defendant's servant held no malice toward plaintiff was without prejudice, where he was immediately allowed to state that he had no "ill feeling" toward her.

6. APPEAL AND ERROR ⬤➡1048(6) — HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action against a carrier for injuries, a question to defendant's flagman on cross-examination, "if you gave her a shove or pushed her on that step, then you had no authority to do that?" to which he answered, "No," could not have been prejudicial to defendant.

<hr>

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

7. TRIAL ⬅260(1)—HARMLESS ERROR—INSTRUCTIONS.

It was not prejudicial to refuse an instruction fully covered by the oral instructions given to the jury.

8. DAMAGES ⬅131(1)—EXCESSIVENESS.

$350 was excessive damages for a woman's bruises from being shoved against a car step, and will be reduced to $200.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by Delcy Trice against the St. Louis & San Francisco Railway Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Reversed and remanded conditionally. On remittitur, judgment affirmed.

The plaintiff alleges that she suffered her injuries boarding one of the defendant's passenger trains because of the negligence of a servant of the defendant while ostensibly assisting her to embark. Count 1 charges that the agents or servants in charge of said train then and there so negligently conducted said business that, by reason of said negligence, plaintiff was shoved on or against the steps or platform of said cars. Count 2 charges that the agents or servants who so acted were acting in the line and scope of their employment. There was verdict and judgment for plaintiff in the sum of $350. Motion to set aside the verdict as excessive was overruled.

J. H. Bankhead, Jr., and M. E. Nettles, both of Jasper, for appellant.

Norman Gunn, of Jasper, for appellee.

SOMERVILLE, J. [1] If any of defendant's servants, in charge of the train which plaintiff was in the act of boarding as a passenger, so negligently conducted defendant's business that they pushed or shoved her against the car step or platform, it was a breach of duty for which defendant was liable.

We think that both counts of the complaint were sufficient as against the demurrers. But, in any case, the evidence shows without dispute that the flagman who attempted to assist plaintiff and, as claimed, negligently shoved her, was acting for defendant in the line of his duty, and defendant could not have been prejudiced by a complaint defective in that particular.

[2, 3] While damages for the cost of medicines or medical treatment cannot be recovered unless specially claimed (Irby v. Wilde, 150 Ala. 402, 43 South. 574), that rule does not forbid proof that medicines were applied by an injured person to his wounds. In this case, defendant, on plaintiff's cross-examination, brought out the fact that plaintiff did not call in a doctor to treat her alleged bruises. It was clearly competent for plaintiff in rebuttal to testify that she doctored herself by applying remedies.

[4, 5] Count 3 of the complaint was for willful or wanton injury, and was withdrawn from the jury by the charge of the court. Hence the exclusion of testimony by the flagman that he held no malice toward plaintiff was without prejudice, even if it had been competent in that form. Moreover, he was immediately allowed to state that he had no "ill feeling" toward her.

[6] We are unable to see how defendant could have been prejudiced, or plaintiff benefited, by the question to the flagman on cross-examination, "If you gave her a shove or pushed her on that step, then you had no authority to do that?" He answered, "No," and, if it was prejudicial to any one, it was to plaintiff rather than to defendant. The fact was of course immaterial, except, if he had answered affirmatively, to aggravate the injury and the damages.

[7] Charge 1, refused to defendant, was a correct charge and should have been given. It was, however, fully covered by the oral instructions given to the jury, and prejudice cannot be imputed to its refusal.

The general affirmative charges requested by defendant were properly refused.

[8] We have considered the testimony bearing upon plaintiff's injury, and we are of the opinion that the damages allowed were clearly excessive, and that $200 would be a liberal allowance in that behalf.

Let the judgment be reversed, and the cause remanded for another trial, unless plaintiff shall file her consent to a reduction of the amount of the judgment to $200, within the time prescribed by law. In case of such consent, let the corrected judgment be affirmed at the cost of appellee.

Reversed and remanded conditionally.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
202 ALA.—23