(92 South. 89)

### MOBILE LIGHT & R. CO. v. FULLER. (1 Div. 408.)

(Court of Appeals of Alabama.  Nov. 15, 1921.)

1. Damages ⬥148—Expenses for medical attendance special damages.

Expenses for medical attendance because of personal injury are special damages.

2. Damages ⬥142—Special damages must be specially claimed.

For recovery of special damages, they must be specially counted on and claimed in the complaint.

3. Damages ⬥160—Expenses for physician held not specially claimed.

Allegation in personal injury action that plaintiff was put to expenses in and about the treatment of her injuries is not a special claim for the special damages of expense for physician.

4. Street railroads ⬥103(1)—Discovery in time essential for recovery on theory of subsequent negligence.

For recovery, on the theory of subsequent negligence of motorman, for collision of street car with automobile, the motorman must have discovered the peril, and thereafter had time and opportunity to avoid the accident.

5. Street railroads ⬥114(19)—Finding of subsequent negligence cannot rest on conjecture.

Actual knowledge by a street car motorman of the peril of an automobile, necessary for liability of the company, on the theory of subsequent negligence, for collision, may be inferred from the existence of other facts; it being necessary, however, that the existence of such other facts shall not rest purely in conjecture or speculation.

6. Street railroads ⬥117(35)—Evidence of simple and subsequent negligence in collision case sufficient.

Evidence in action for collision of street car with automobile *held* sufficient to go to the jury, both on the questions of simple and subsequent negligence.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by Annie Fuller against the Mobile Light & Railroad Company for damages for personal injuries sustained in a collision. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Harry T. Smith & Caffey, of Mobile, for appellant.

Medical services are special damages, not to be recovered without special allegation. 202 Ala. 352, 80 South. 434; 150 Ala. 402, 43 South. 574; 94 Ala. 226, 10 South. 236; 97 Ala. 635, 12 South. 405; 167 Ala. 216, 52 South. 594; 7 Ala. App. 462, 61 South. 22. Charges 4 and 5 should have been given. 153 Ala. 169, 45 South. 177; 148 Ala. 97, 42 South. 627; 149 Ala. 538, 43 South. 33; 150 Ala. 320, 43 South. 577; 158 Ala. 492, 48 South. 119.

Webb, McAlpine & Grove, of Mobile, for appellee.

Plaintiff was entitled to recover a reasonable doctor's bill. 123 Ala. 557, 26 South. 689; 133 Ala. 508, 32 South. 261; 148 Ala.

115, 42 South. 1024; 158 Ala. 149, 48 South. 548; 159 Ala. 239, 48 South. 679, 164 Ala. 10, 51 South. 242, 137 Am. St. Rep. 17; 196 Ala. 385, 72 South. 8. The evidence presented a jury question, and the court properly declined to direct a verdict. 197 Ala. 468, 73 South. 75; 119 Ala. 615, 24 South. 558, 72 Am. St. Rep. 955; 158 Ala. 381, 48 South. 93; 153 Ala. 157, 45 South. 177; 136 Ala. 348, 34 South. 968; 196 Ala. 148, 72 South. 96. Counsel discuss other assignments of error, but in view of the opinion it is not deemed necessary to here set them out.

MERRITT, J. The appellee sued the appellant for damages which she claims to have suffered as the result of a collision between the appellant's street car and the automobile in which appellee was riding. The complaint is stated in four counts. By the first count it is alleged that the injury resulted from negligence on the part of the motorman in causing or permitting the street car to run against an automobile in which the appellee was riding. The second charges that the appellant's servants willfully or wantonly ran or operated the street car against or into an automobile in which appellee was seated, which resulted in her injury. The third alleged that the motorman observed that an automobile in which appellee was seated was on the street car track ahead of the street car that was being operated by said motorman at said time, and that there was much danger that the street car would run against or into said automobile, if the said street car was not stopped or its speed lessened before reaching the said automobile, but that, after observing the perilous position of said automobile, the said motorman nevertheless so negligently operated the said street car as to cause or permit it to run against or strike the said automobile. The fourth count was substantially the same as the third. In all four counts, the appellee stated, with regard to the damages she sustained, as follows:

"She was greatly and painfully bruised in and about her head, neck, shoulders, and many parts of her body, was badly shocked, was made very nervous, was put to expense in and about the treatment of her said injuries, and was made to suffer great pain, both in mind and body, all to her damage aforesaid."

The only pleas were those of the general issue.

[1-3] The first assignment of error, insisted upon by appellant, questions the correctness of the trial court in charging the jury not to assess any damages for any expense that the plaintiff was put to, other than reasonable doctors' bills. There was testimony to the effect that the doctors' bills for attention in visiting plaintiff, incident to the injuries complained of, amounted to $25 or $30. The question, therefore, is whether the expenses of a physician are general or special dam-

ages. It will be noted that the complaint did not claim such expenses as special damages, but the allegation in each count is, as before stated:

"Was put to expense in and about the treatment of her said injuries."

It appears to be firmly established in this jurisdiction that medical services are special damages. St. Louis & S. F. Ry. v. Trice, 202 Ala. 352, 80 South. 434; Irby v. Wilde, 150 Ala. 402, 43 South. 574. In order to recover special damages, there must be an allegation to this effect in the complaint. Donnell v. Jones, 13 Ala. 490, 48 Am. Dec. 59; White v. Wyley, 17 Ala. 169; Pollock v. Gantt, 69 Ala. 373, 44 Am. Rep. 519; Marx v. Leinkauff, 93 Ala. 453, 9 South. 818; A. G. S. Ry. v. Tapia, 94 Ala. 226, 10 South. 236; Dowdall v. King, 97 Ala. 635, 12 South. 405; Vandiver & Co. v. Waller, 143 Ala. 411, 39 South. 136; Bradford v. Lawrence, ante, p. 138, 90 South. 809.

We do not think that the allegation in the complaint "was put to expense in and about the treatment of her said injuries," was any more a special claim for physicians' expenses than any other claim for one other than a physician, incurred as expense in and about the treatment of the injuries alleged to have been sustained by the appellee, on account of the negligence of appellant. This instruction of the court was therefore erroneous.

[4-6] Refused written charges 4 and 5 were properly refused. These charges were the general affirmative charge for the appellant on counts numbered 3 and 4. These counts sought a recovery on account of subsequent negligence, and serious insistence is made that there was no proof of the allegations of these two counts that the motorman—

"saw the automobile on the defendant's track ahead of the car, and realized that it was in peril, and that it was necessary for him to stop or lessen the speed of the car, but that, after observing the perilous position of the plaintiff the motorman was, nevertheless, guilty of negligence, which caused the collision."

It is the settled law in Alabama that no recovery can be had upon a complaint charging subsequent negligence, without proof that the motorman, not only saw the existing peril, but that he could have avoided the collision, if he had acted promptly upon a realization of the peril, or, in other words, there must have been time and opportunity to avoid the accident after the peril is discovered. Birmingham R., L. & P. Co. v. Jones, 153 Ala. 169, 45 South. 177. Of course, however, actual knowledge of this existing peril may be inferred from the existence of other facts, and we may say that the existence of such facts should not rest purely in conjecture or speculation. Johnson v. B. R., L. & P. Co., 149 Ala. 538, 43 South. 33.

The evidence in the case at bar is in great

conflict, but, without discussing it at length, it may be fairly said to present a jury question. There was evidence that no gong was sounded as the street car approached the automobile. The motorman testified that when he first saw the automobile it was backing on the street car track, and he was about 35 feet from the automobile at that time, and while he testified he applied the brakes, and did all he could to stop the car, yet it appears from the testimony that he did not apply the reverse brake, and it is inferable from other testimony in the case, the speed with which the street car was traveling being stated, that, if this had been done, the car could have been stopped in time to have averted the collision with the automobile. In the case of So. Ry. Co. v. Bush, 122 Ala. 470, 26 South. 168, it is said:

"While wantonness on the part of the engineer cannot be predicated on the mere fact that he ought to have seen deceased on the trestle, or on anything short of actual knowledge, yet this actual knowledge need not be positively and directly shown, but, like any other fact, may be proved by showing circumstances from which the fact of actual knowledge is a legitimate inference. Otherwise, in cases of this character, this fact could never be proved, except by the testimony of the engineer himself. Certainly the facts that the road was straight for a long distance, the view of the track unobstructed, and the engineer was in his seat, looking ahead along the track, and there was nothing to prevent him from seeing a person on the track a few hundred feet ahead, are relevant and admissible for * * * proving that he did see such person, * * * and while no presumption arises from these facts that the engineer did see the person on the track, yet this may be inferred from these facts by the jury, whose province alone is to decide the weight to be given to facts legally in evidence, and their effect on an issue which they are admitted to prove."

So we conclude that from all the evidence the question of simple and subsequent negligence was properly submitted to the jury.

It is unnecessary to consider the question as to the action of the trial court in refusing to grant the appellant's motion for a new trial, as, under the view we have expressed, the cause must be remanded.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes