(110 So. 316)

## ATLANTIC COAST LINE R. CO. v. WATSON.   (4 Div. 287.)

(Supreme Court of Alabama.   Nov. 11, 1926.)

**1. Carriers ⬠304(1)—Railroad must exercise care not to injure one alighting from train after assisting passenger only when having knowledge of his intention.**

To impose on railroad duty of exercising care not to injure one alighting from train after assisting passenger thereon, it must be shown that conductor or other responsible trainman knew or had notice that he was not passenger and intended to leave train.

**2. Appeal and error ⬠1040(10)—Overruling demurrer to ambiguous complaint held not prejudicial, where oral charge removed ambiguity.**

Where court's oral charge fully removed ambiguity of complaint, for injuries on alighting from train, because of failure to allege railroad's knowledge of his intention to alight after assisting passenger thereon, overruling demurrer thereto was not prejudicial.

---

**3. Damages ⬅143—Complaint alleging, in general terms, injuries received when alighting from train held not demurrable.**

Complaint for injuries, on alighting from train, alleging that plaintiff was bruised and made sick and suffered great bodily and physical pain *held* not subject to demurrer for failure to apprise defendant of nature of physical injuries suffered.

**4. Damages ⬅158(1)—Recovery for fracture held unauthorized under allegations of bruises.**

Where complaint for injuries alleged only that plaintiff was bruised and suffered pain, recovery for fractured rib was unauthorized.

**5. Damages ⬅148 — Medical expense not claimed in complaint held not recoverable.**

Where medical expense as special damage was not claimed in complaint, it was not recoverable.

Appeal from Circuit Court, Crenshaw County; A. E. Gamble, Judge.

Action by G. W. Watson against the Atlantic Coast Line Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Reversed and remanded.

The substance of count 2 of the complaint is that "plaintiff went aboard defendant's train with the knowledge and consent of one of defendant's * * * employees, to wit, the conductor, for the purpose of assisting said passenger (his daughter) to board said train with her children and baggage"; that, as soon as he had found a seat for her and deposited her baggage, "he turned to leave said train, and that while he was in the act of leaving said train, the defendant's * * * employees, knowing that plaintiff was in the act of leaving said train, so negligently operated said train that plaintiff was thrown or hurled from said train to the ground"; and, as a direct consequence of said negligence, "he was bruised and made sick and suffered great bodily pain, and was rendered unable to perform his usual labor and duties on his farm for a long period of time."

Count 3 is identical with count 2, except it charges that the "conductor knew or should have known" that plaintiff was in the act of leaving the train, and that plaintiff "was bruised and made sick and sore, and suffered great physical pain and discomfort."

Defendant pleaded the general issue and contributory negligence.

Arrington & Arrington, of Montgomery, and Frank B. Bricken, of Luverne, for appellant.

The complaint was defective in averment of knowledge of the conductor of the purpose for which plaintiff boarded the train, and of the character and extent of plaintiff's injuries. Southern R. Co. v. Patterson, 148 Ala. 77, 41 So. 964, 121 Am. St. Rep. 30;

City Del. Co. v. Henry, 139 Ala. 161, 34 So. 389. Plaintiff was not entitled to recover for injuries or damage not claimed in the complaint. Mobile Light & R. Co. v. Therrell, 205 Ala. 555, 88 So. 677.

W. H. Stoddard, of Luverne, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] In order to impose upon defendant the duty of exercising ordinary and reasonable care not to injure him while alighting from the train—including the obligation to allow him a reasonable time to safely alight—it was necessary to show that defendant's conductor, or some other responsible trainman, knew or had notice that he was not a passenger and that he intended to leave the train as soon as his mission was accomplished. So. R. Co. v. Patterson, 148 Ala. 77, 41 So. 964, 121 Am. St. Rep. 30; Whaley v. L. & N. R. Co., 186 Ala. 72, 65 So. 140, 52 L. R. A. (N. S.) 179.

[2] As to this, the allegations of the complaint are ambiguous and do not clearly show that plaintiff's purpose in going upon the train, viz., to assist a passenger and not to become a passenger himself, was known to the conductor, Both counts were fairly subject to the grounds of demurrer pointing out this defect, but the ambiguity was fully removed by the oral charge of the court requiring such knowledge as a basis for defendant's liability. Overruling the demurrer on this point was, therefore, not prejudicial to defendant, and would not justify a reversal of the judgment.

[3] The demurrer also challenged the sufficiency of each count of the complaint as to its allegations of damage suffered. Although these allegations are a little more specific than those condemned in City Delivery Co. v. Henry, 139 Ala. 161, 165, 34 So. 389, as being insufficient on demurrer, it is insisted that they clearly violate the principles of pleading there declared; viz., that a defendant haled into court to answer a complaint for personal injuries inflicted upon him—

"is entitled to be apprised by the complaint, at least as to the physical injuries the plaintiff has suffered. The plaintiff must prove what such injuries were, and the defendant has a right to have them stated in the complaint with certainty and definiteness to a common intent that it may be prepared to rebut the case she proposes to lay before the jury, or, in other words, 'while it is unnecessary that the complaint should describe in detail all the characteristics and consequences of the injuries or wounds sustained, and extreme particularity is not required, actual known facts as to the injuries and their results should be stated with such reasonable accuracy as the circumstances of the case will permit, in order that the adverse party may be informed of their nature

and extent.'" 16 Ency. Pl. & Pr. 377; Sloss-Sheffield Steel & Iron Co. v. Mitchell, 161 Ala. ·278, 49· So. 851.

See, also, Birmingham Ry., Light & Power Co. v. Chastain, 158 Ala. 421, 427, 48 So. 85; Birmingham Ry., Light & Power Co. v. Brown, 150 Ala. 327, 331, 332, 43 So, 342.

In the instant case, under the rule stated, the writer was inclined to the view that the complaint should have stated at least the location and extent of the bruises complained of, but ·he has yielded to the view of his associates that the allegation is fairly informatory and not subject to the demurrer for insufficiency.

[4] The only physical injury plaintiff complained of was that he had been bruised. This did not comprehend a broken or fractured rib, and hence defendant's requested instruction that plaintiff could not recover for the fracture of a rib was erroneously refused. Mobile L. & R. Co. v. Therrell, 205 Ala. 555, 88 So. 677.

[5] So, also, expense incurred for medicine and medical attention, which was a special damage not claimed in the complaint, was not recoverable and should have been excluded as requested by defendant in writing. Williams v. Hayes, 16 Ala. App, 321, 77 So. 915; Hanchey v. Brunson, 175 Ala. 236, 243, 56 So. 971, Ann. Cas. 1914C, 804.

For the errors noted, the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.