199 So. 237

## GROOM et al. v. FEDERAL LAND BANK OF NEW ORLEANS et al.
### I Div. 111.

Supreme Court of Alabama.

Dec. 19, 1940.

Barnett, Bugg & Lee, of Monroeville, for appellees.

M. F. Dozier, of Mobile, for appellants.

BROWN, Justice.

The bill, filed by appellees, the Federal Land Bank of New Orleans, a first mortgagee, and the Farm Mortgage Corporation, second mortgagee, against Dumas Grocery Company, Incorporated, McMillan & Harrison Grain Company, Incor-

porated, judgment creditors with liens, and Lucy H. Wiggins, the judgment debtor and mortgagor in possession, seeks subrogation to the lien of four certain mortgages embracing the same lands covered by complainants' mortgage and other real estate and chattels, executed by said judgment debtor and mortgagor; one to the Selma Trust & Savings Bank of Selma, Alabama, and four successive mortgages to the Monroe County Bank of Monroeville, Alabama.

By amendment appellants were made parties defendants as assignees of said judgment creditors, and they separately demurred to the bill for want of equity and the sundry specific grounds. The circuit court overruled the demurrers hence this appeal.

The material averments of the bill are:

"That the said mortgages in favor of complainants were given to secure the repayment of moneys advanced to the said Lucy H. Wiggins for the specific purpose of paying *all or portions* of indebtednesses she was then owing to Selma Trust & Saving Bank, and The Monroe County Bank, which said indebtednesses being secured by mortgages of herself and husband, in favor of said Selma Trust & Saving Bank, and said The Monroe County Bank, and which said old mortgages conveyed the identical lands hereinbefore described, and which were conveyed to complainants by their respective mortgages hereinbefore mentioned. That said old mortgages were past due at the time the said Lucy H. Wiggins applied to complainants for the loan in question, the combined balances due upon said mortgages were considerably in excess of the amount advanced her by complainants, and said old mortgages were at that time subject to foreclosure and the lands hereinbefore described were the subject to sale thereunder. * * *

"That said The Federal Land Bank of New Orleans, acting for itself and as agent for said Federal Farm Mortgage Corporation, in pursuance of the request of the said Lucy H. Wiggins, and in further pursuance of the agreement under which complainants did consent to advance the moneys upon her said mortgages hereinbefore identified, pay the *major portion* of the proceeds of said two loans directly to said Selma Trust & Savings Bank and said The Monroe County Bank, to apply upon the mortgage debts of said Lucy H.

Wiggins to them. That the disbursement of the proceeds of said loan made by the said The Federal Land Bank of New Orleans, acting for itself, and the said Federal Farm Mortgage Corporation, was finally completed on to-wit: September 22, 1934 * * * that while all of the above mentioned mortgages in favor of Selma Trust & Saving Bank and the Monroe County Bank were cancelled of record * * * at the time complainants paid over to them the moneys hereinbefore mentioned, yet in reality the debts were in no sense extinguished, but simply transferred from the security of the said older mortgages to the security of the mortgages to complainants hereinbefore mentioned." (Italics supplied.)

The bill does not allege that complainants were ignorant of the intervening rights and liens of the respondent—judgment creditors, nor does it allege that they exercised reasonable diligence to ascertain the true condition of the title of said Wiggins.

One of the essential elements of the doctrine of legal subrogation—or equitable assignment—applicable to one not under necessity to act to protect his own interest or rights, but acts at the instance of a debtor to relieve the debtor's embarrassment, is that the loan or advancement must be made and used to pay off the debt secured by the prior lien, and that the parties contemplate that the lender shall have security of equal dignity with the lien discharged by the payment, and it is the lender's duty to see that the money is so applied. Pro tanto subrogation is not recognized. Nor does the right arise when the money advanced is to be applied at the discretion of the debtor. Shaddix et al. v. National Surety Co., 221 Ala. 268, 128 So. 220; 25 R.C.L. p. 1318, § 6, p. 1343, § 26.

Another essential element of the doctrine as applicable to one who without interest acts in aid of a debtor at such debtor's request is that the alleged subrogee must, at the time the loan is made, as against an intervening lien or incumbrance, be ignorant of such lien or incumbrance and such ignorance must not be the consequence of culpable negligence. Whitson et al. v. Metropolitan Life Ins. Co., 225 Ala. 262, 142 So. 564; First Avenue Coal & Lumber Co. v. King et al., 193 Ala. 438, 69 So. 549; 70 A.L.R. Note, pp. 1398–1407, where the authorities are collated.

If the lender, with full knowledge of the existence of the intervening liens, nevertheless made the loan without taking an assignment of the superior mortgages, but had them cancelled, such fact is conclusive they relied on the security of their own mortgages and not on those that were cancelled.

In the instant case, taking the averments of the bill 'as true, only part of the money advanced by the complainants was applied on the mortgage debts due the Selma Bank & Trust Company, and the Monroe County Bank, and resolving the intendments in the pleading against the pleader, the balance of the money loaned, was applied by the debtor mortgagor at her discretion.

In such circumstances, to allow subrogation, the right of the intervening judgment creditors to redeem by paying off superior incumbrances would be burdened and embarrassed.

We are, therefore, of opinion that the bill was subject to the general demurrer for want of equity, and also to some of the specific grounds assigned.

The decree overruling the demurrers is therefore reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.