69 So.2d 470

**REVEL et al. v. PRINCE.**

**5 Div. 435.**

Court of Appeals of Alabama.

Feb. 9, 1954.

459

Denson & Denson, Yetta G. Samford, Jr., Opelika, for appellee.

J. A. Walker, Jacob Walker, Jr., Walker & Walker, Opelika, for appellants.

HARWOOD, Judge.

On appeal from the Court of Common Pleas of Lee County this cause was tried de novo in the Circuit Court of Lee County.

The defendant, Homer Revel, having died before trial in the Court of Common Pleas the suit was revived against the present defendants as administrators of the estate of Homer Revel, deceased.

In the circuit court the case was tried on counts A, B, C, and D of the complaint,

being the same counts upon which the case was tried in the Court of Common Pleas.

Issue was joined on a plea of in short by consent.

The appellants here occupied the position of defendants in both of the lower courts.

During the arguments to the jury the court struck out counts B, C, and D, and submitted the case to the jury only on count A.

At the conclusion of the arguments the court gave at plaintiff's request the general affirmative charge with hypothesis, instructing them to fix damages at their discretion at not less than one cent nor more than $490, the amount claimed as damages in count A.

Count A in substance claimed $490 as damages for that livestock belonging to the defendant at divers times after January 1, 1952, trespassed on certain described premises of the plaintiff and damaged growing crops belonging to the plaintiff.

The jury returned a verdict in favor of the plaintiff and assessed damages at $365, judgment being entered pursuant to such verdict.

Appellants' motion for a new trial being overruled appeal was perfected to this court.

During the trial below it was agreed by counsel for the respective parties that the damages, if any, claimed in count A were inflicted during the first six months of 1952. Since count A was the only count submitted to the jury we will confine our review to such part of the evidence tending as it pertains to count A.

The plaintiff below, who is appellee here, testified that the cattle belonging to Homer Revel were at large practically all of the time during the first six months of 1952, and that one occasion in March 1952 sixteen of the Revel cattle came onto his premises and ate up, and completely destroyed, an acre of manganese clover which he was saving for seed.

The value of this clover, according to Mr. Prince, was $250.

Mr. Prince further testified that during this period in 1952 the Revel cattle damaged his fences to the extent of $37.

There was other evidence presented by the plaintiff to the effect that the Revel cattle ate up and destroyed some 25 or 30 acres of Johnson grass and cane growing in a bottom on appellee's land. While evidence was introduced tending to show the value of this forage eaten in 1950 and 1951, said evidence being introduced under the counts that were later stricken, there is no evidence whatsoever tending to show the value of this forage that may have been damaged during the first six months of 1952, the only evidence even remotely pertaining to this question being the testimony of R. R. Prince that he had seen the Revel cattle in the bottom during the first six months of 1952 "just rambling like cows do."

The plaintiff presented further evidence tending to show that the fence on Revel's place was in bad condition in two places, through which the cows were seen to go.

There was also evidence offered by the plaintiff to the effect that the Revel cows "ran like rabbits" when he attempted to capture them.

For the defense C. O. Revel testified that he was a nephew of Homer Revel, the original defendant; that he visited his uncle's place once or twice a month during the period of time in question. During these visits he would walk out into the pasture probably every other time, and his uncle's cattle were always in his pasture. Mr. Revel further testified that he had walked around the pasture a number of times and did not see any place where the cows could have gotten out.

The time of these inspection trips is not shown by the record.

Mr. Ernest Revel, a brother of the original defendant, testified that he would visit his brother "sometimes twice a week, sometimes not so often" in 1952. On these

visits he observed the cows in his brother's pasture.

Mr. Revel further testified that the fence was in good shape.

On cross-examination Mr. Revel testified that he never walked around the pasture to inspect the fence, and the only part of the fence he observed was the portion where he would go through to enter the pasture.

None of this evidence tends to contradict the appellee's evidence that the appellant's cattle were on appellee's premises and did damage his crops.

Appellants' assignments of error numbers 3, 4, and 5 relate to the action of the court in refusing appellants' requested charges 1 and 2, which are respectively affirmative in nature, and in denying appellants' motion of dismissal made at the conclusion of the evidence.

Counsel for appellant asserts error infected the rulings of the trial court in the above instance because the complaint as originally filed in the Court of Common Pleas of Lee County contained four counts, A, B, C, and D, each of which respectively claimed damages of $490, thus aggregating $1960, an amount beyond the jurisdiction of the said Court of Common Pleas, inasmuch as the act creating the Court of Common Pleas of Lee County provides that said court "shall not have jurisdiction of any civil action when the matter or sum in controversy exceeds five hundred dollars ($500)". See 1949 Acts of Alabama, Regular Session, p. 361.

No objection to the jurisdiction was interposed in the proceedings in the Court of Common Pleas of Lee County, which rendered a judgment in favor of the plaintiff, appellee here, and from which judgment the defendants, appellants here, perfected their appeal to the Circuit Court of Lee County.

■ While the aggregate amount of the several counts on independent causes of action determine the amount sued for for jurisdictional purposes, Wood v. Traders' Securities Co., 221 Ala. 629, 130 So.

398, it is firmly settled by our decisions dealing with appeals or certiorari from justice of the peace courts to the circuit court that objection to the jurisdiction of the justice court, to be availing, must be made in the justice court, since the cause is tried de novo in the circuit court. Glaze v. Blake, 56 Ala. 379; South & North Alabama R. Co. v. Pilgreen, 62 Ala. 305; Western Ry. Co. v. Lazarus, 88 Ala. 453, 6 So. 877; Louisville & N. R. Co. v. Barker, 96 Ala. 435, 11 So. 453.

Counsel for appellant contends that the doctrine of the above cases can have no application to the present case inasmuch as jurisdiction is "conferred" upon the justice courts, not to exceed $100 in civil cases, whereas in the act, supra, creating the Court of Common Pleas of Lee County it is provided that said court "shall not have jurisdiction" where the sum in controversy exceeds $500.

■ The tenuity of this contention denies its merit. The distinction sought to be pressed is merely a distinction without a difference. Particularly is this true in light of the further provision in Section 9 of the Act, supra, creating the Court of Common Pleas of Lee County, that appeals from such court are to be taken according to the rules provided for justice courts.

Appellants' assignment of error number one relates to the action of the court in giving to the jury appellee's request for the general affirmative charge with hypothesis.

Section 79 of Title 3, Code of Alabama 1940, provides that:

"The owner of such livestock or animal being or running at large upon the premises of another or upon the public lands, roads, highways, or streets in the State of Alabama shall be liable for all damages done to crops, shade or fruit trees or ornamental shrubs and flowers of any person, to be recovered before any court of competent jurisdiction".

Count A, upon which this cause was submitted to the jury, was clearly drawn under this code section.

In order to recover it was incumbent upon the appellee to establish by a preponderance of the evidence that the appellants' cattle came upon his premises and damaged crops growing thereon.

The evidence presented by the appellee was ample in its tendencies to sufficiently show these elements.

No evidence was presented by the appellant in the trial below which rationally tended to contradict the evidence offered by the appellee.

The appellee's right to recover being established by uncontroverted evidence, no need arose for submitting the case to the jury. Nall v. Bland Lumber Co., 35 Ala. App. 503, 49 So.2d 228.

The court therefore properly granted appellee's requested affirmative charge, and assignment of error number 1 is therefore of no avail to the appellants.

Assignment of error number 2 asserts as error the action of the court in overruling appellants' motion for a new trial.

Among the grounds supporting the motion for a new trial specified and argued in appellants' brief, and urged as error, are: 1, the failure of the court to adequately charge the jury, and 2, that the amount of damages awarded is not supported by the evidence.

As to the first contention, it is well settled that if a party believes a court's oral charge inadequate because of failure to sufficiently cover the law he thinks applicable, he should request appropriate explanatory charges remedying such defect. In the absence of such requests, and none were made in this case, no ground for a reversal is presented. Williams v. State, 147 Ala. 10, 41 So. 992; Beavers v. Southern Ry. Co., 212 Ala. 600, 103 So. 887; see also 2 Alabama Digest, Appeal and Error, ⟨key⟩216(1) (2) and (3) for innumerable authorities enunciating this doctrine.

Counsel argues that because of the brevity of the court's instructions to the jury, and the speed with which the case was submitted to the jury it was impossible for him to prepare any explanatory charges, and that the court's action in the premises constituted an abuse of discretion.

The record fails to show that any request for time was made to enable counsel to prepare any charges. In this state of the record we cannot accord to counsel's insistence.

It is of course elemental that the burden is upon the one claiming damages to establish existence of, and the amount of such damages by competent evidence, and further that damages not claimed are not recoverable.

In light of the above principles it is apparent that the evidence submitted by the appellee is insufficient to sustain the amount of $365 as damages awarded the appellee in the verdict and judgment.

Actually the only evidence tending to establish the amount of damages during the period in question was the appellee's testimony that the value of the clover destroyed was $250, and that his fences were damaged to the extent of $37.

The proof of damages as to the fence went in over appellants' objections. When this evidence was received counts B, C, and D, had not been stricken. However in each of said counts damages were claimed only for injury to growing crops. This evidence should not therefore have been admitted. The ruling of the court in this instance is not however made the ground of any assignment of error, nor is it made a ground of the motion for a new trial. This matter is therefore not presented for review.

Count A claimed damages only for injuries to growing crops. Since count A was framed under Section 79, supra, which allows recovery only for damages to crops, trees, shrubs, and flowers, the damages claimed in count A had, of necessity, to be limited to these terms.

The court should therefore have eliminated from the consideration of the jury the

evidence relative to the damage to appellee's fences.

This being so, the only evidence competent to establish appellee's damages was his testimony as to the value of his clover destroyed, i. e., $250.

In the proceedings below, the court in its instructions to the jury first instructed them that if they believed the evidence they should find for the plaintiff under count A, and fix the damages in their discretion at not less than one cent nor more than $490, and for one juror sign as foreman.

The record further shows that counsel for appellants then reserved an exception "to all the oral charge given to the jury."

■ In our opinion the court was fully justified in instructing the jury affirmatively in favor of the appellee. This portion of its charge was therefore correct. That portion of the charge instructing as to the amount of damages the jury could find was misleading in view of the developed evidence.

■ However, where an oral charge to which a general exception is taken includes a correct statement of the law, the court cannot be put in error where the exception does not separate the bad from the good portions of the charge. Sloss-Sheffield Steel & Iron Co. v. Dunn, 9 Ala.App. 524, 63 So. 812.

This being so, it follows that the appellants cannot urge as error the misleading portion of the court's oral charge under the general exception reserved to the entire charge, a portion of such charge being correct.

■ It results therefore that the only error infecting this record is the excessiveness of the damages awarded in view of the proof of the amount of such damages.

By the authority of Section 811, Title 7, Code of Alabama 1940, it is here ordered and adjudged by this court that this cause be reversed and remanded, unless the appellee file in this court a remittitur of the amount of the judgment recovered in ex-

cess of the sum of $250, such remittitur to be filed within thirty days of the rendition of this opinion.

The clerk of this court will notify the appellee of the ruling made by this court, and that he is required to file a remittitur within the time required, or suffer a reversal and remandment of this cause.

It is further ordered and adjudged that upon compliance of the appellee with the terms of this order of remittitur the judgment of the lower court is in all things affirmed.

Affirmed conditionally.