123 So.2d 525

**LIBERTY MUTUAL INSURANCE COMPANY**

**v.**

**W. S. MANASCO.**

**6 Div. 724.**

Court of Appeals of Alabama.

Dec. 1, 1959.

Rehearing Denied Jan. 26, 1960.

Affirmed After Remandment Oct. 4, 1960.

W. J. Sullivan, Jr., and Sadler, Sadler, Sullivan & Herring, Birmingham, for appellant.

S. P. Keith, Jr., Birmingham, for appellee.

HARWOOD, Presiding Judge.

In the proceedings below W. S. Manasco, on 23 December 1957, sued O. M. Cummings, Sr., et al., for damages for personal injuries resulting from a collision between an automobile in which plaintiff was riding, and the motor vehicle of Cummings.

The complaint contained two counts, one charging negligence, and the second charging wantonness.

At the time of his injuries Manasco was an employee of the Butler Manufacturing Company, and was performing duties within the line and scope of his employment, and was entitled to workmen's compensation for his injuries.

As originally filed each count of the complaint claimed damages for medical and hospital expenses.

On 21 January 1958, the defendants filed demurrers to the complaint.

On 19 February 1958, the Liberty Mutual Insurance Company, as workmen's compensation insurer for the Butler Manufacturing Company, filed a complaint upon intervention.

On 26 February 1958, the plaintiff Manasco amended his complaint by striking from each count his claim for damages for medical and hospital expenses

Thereafter, on 20 February 1959, a judgment was entered for the plaintiff Manasco and the intervenor in the following terms:

"The parties now agree in open court that a judgment be rendered for plaintiff and intervenor against defendants for the sum of Nine Thousand & 00/100 ($9,000.00) Dollars, besides costs, and move for an order accordingly, whereupon, it being agreed by and between the plaintiff and the intervenor that on motion of either of them this court without a jury shall determine and decide the respective interests of the plaintiff and the intervenor in the said judgment,

"It is ordered and adjudged by the court that the plaintiff and intervenor have and recover of the defendants the sum of Nine Thousand & 00/100 ($9,000.00) Dollars, that being the amount of plaintiff's and intervenor's debt and damages as agreed upon as aforesaid, besides all costs herein accrued for which execution may issue."

On 27 February 1959, the intervenor filed a motion for division of the judgment, in which it was alleged, that the intervenor had paid to Manasco $112 as compensation, and in addition thereto had paid $663.77 in medical benefits for treatment and services rendered Manasco.

The attorneys entered into a stipulation that these averments were correct.

Pursuant to the motion for division of the judgment, the Hon. Russell McElroy entered a judgment awarding the intervenor out of the $9,000 judgment the sum of $112, paid by it as compensation, and denied the intervenor's claim for $663.77 in reimbursement for medical and hospital expenses.

This appeal relates solely to the court's action in denying the intervenor's claim for reimbursement for the medical and hospital expenses paid by it, and the single assignment of error goes to this point.

The brief and argument of counsel for the appellant-intervenor is directed toward the proposition that the word "compensation," as used in Sec. 312, Tit. 26, Code of Alabama 1940 (the reimbursement or subrogation section of our Workmen's Compensation Act) should receive a broad construction so as to include medical and hospital expenditures in actions by the employer or his insurance carrier seeking reimbursement for such costs paid, and further that the definition of "compensation" found in Sec. 262, Tit. 26, Code of Alabama 1940, to the effect that "the word 'compensation' does not include medical and surgical treatment and attention, medicine, medical and surgical supplies, crutches, and apparatus furnished an employee on account of an injury" should not be applied to those sections where the use of the word "compensation" would seem to have been used in a broader sense and that logically it should be construed to include medical and hospital benefits.

Otherwise, counsel for appellant argues, the employee would receive an unjust enrichment in the form of a windfall in being paid twice for hospital and medical expenses resulting from his injuries.

Under the state of the pleadings below, we do not see that this question was before the court below, nor is now before us.

This for the reason that on 26 February 1958, almost a year before the $9,000 judgment was entered, the plaintiff Manasco had amended his complaint by striking from each count all claims for damages for hospital and medical expense.

It is elemental that damages not claimed are not recoverable. Revel v. Prince, 37 Ala.App. 457, 69 So.2d 470. More specifically, expenses for medical services and expenses are special damages, which the plaintiff in a personal injury case must plead and prove. St. Louis & S. F. Ry.

**112**

Co. v. Trice, 202 Ala. 352, 80 So. 434; Mobile Light & R. Co. v. Fuller, 18 Ala.App. 301, 92 So. 89. Further, medical expenses not claimed in a complaint are not recoverable. Atlantic Coast Line R. Co. v. Watson, 215 Ala. 254, 110 So. 316.

 Subrogation effects an assignment by operation of law, administered on equitable principles, and has been designated in Groom v. Federal Land Bank of New Orleans, 240 Ala. 335, 199 So. 237, as an "equitable assignment."

It seeks, by reimbursement or contribution, to prevent the unjust enrichment of one party at the expense of another. See 50 Am.Jur., Subrogation, Sec. 5.

Unjust enrichment is the warp and woof of subrogation.

This is well illustrated by Sec. 162 of the Restatement on Restitution of the American Law Institute, which is as follows:

"162. Subrogation.

"Where property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lienholder."

No medical and hospital expenses having been claimed by Manasco in his suit against the third party, wrong-doer, Cummings, it cannot be deemed that any part of the judgment for $9,000 gained in said suit represents any medical and hospital expenses. It follows that it cannot be said that Manasco has received payment for these expenses. This being so, he would not be unjustly enriched by the payment of these expenses by the appellant-intervenor.

The judgment of the lower court denying the intervenor's claim for reimbursement for medical and hospital expenses paid by it was correct, and is due to be affirmed.

Affirmed.

CATES, J., recuses self.

PER CURIAM:

Affirmed in conformity with Liberty Mutual Insurance Company v. Manasco, 271 Ala. 174, 123 So.2d 527.