MOORE, Judge,
dissenting.
I respectfully dissent from the main opinion because I cannot agree that the father “continues to live” in Alabama in accordance with § 30-3B-201(a)(1), Ala.Code 1975, a part of the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), § 30-3B-101 et seq., Ala.Code 1975.
Section 30-3B-201 provides, in pertinent part:
“(a) Except as otherwise provided in Section 30-3B-204, [Ala.Code 1975,] a court of this state has jurisdiction to make an initial child custody determination only if:
“(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent *457 from this state but a parent or person acting as a parent continues to live in this state.”
Pursuant to the above-quoted language, a court of this state has jurisdiction to make an initial custody determination when Alabama was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent “continues to live” in this state.
In ordinary parlance, the term “continue” means “to maintain without interruption a condition, course, or action” or “to remain in a place or condition.” Merriam-Webster’s Collegiate Dictionary 270 (11th ed.2003). See Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue, 855 So.2d 513, 517 (Ala.2003) (“when a term is not defined in a statute, the commonly accepted definition of the term should be applied”). The word “continues” is derived from the Latin word “continuus” meaning “uninterrupted.” E.A. Andrews, L.L.D., Copious and Critical Latin-English Lexicon 372 (1870). In the context of subsection (a)(1) of § 30-3B-201, the clause “but a parent ... continues to live in this state” relates to the prior phrase “the child is absent from this state.” Smith v. Alabama Medicaid Agency, 461 So.2d 817, 819 (Ala.Civ.App.1984) (“statutory terms are to be -viewed in light of their usual and ordinary meaning with consideration to the purpose and context of the statute where they are found”). In other words, the legislature intended that the continuity of the parent’s living in this state would be measured against the period of the absence of the child from this state. Thus, the wording of subsection (a)(1) suggests that Alabama would retain home-state jurisdiction only when (1) this state was the home state of the child within six months of the commencement of the proceeding, (2) the child is absent from the state on the date of the commencement of the proceeding, and (3) the parent has continuously lived in Alabama from the time of the initial absence of the child from this state to the date of the commencement of the proceeding.
That reading also comports with the general purposes of the UCCJEA, BP Exploration & Oil, Inc. v. Hopkins, 678 So.2d 1052, 1054 (Ala.1996) (“The court is to ascertain and give effect to the legislature’s intent as expressed in the words of the statute.”), which are to:
“(1) Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being;
“(2) Promote cooperation with the courts of other States to the end that a custody decree is rendered in that State which can best decide the case in the interest of the child;
“(3) Discourage the use of the interstate system for continuing controversies over child custody;
“(4) Deter abductions of children;
“(5) Avoid relitigation of custody decisions of other states in this state;
“(6) Facilitate the enforcement of custody decrees of other states.”
§ 30-3B-101, Ala.Code 1975, Official Comment. By assuring the continuous presence of a parent within the state, § 30-3B-201(a)(1) discourages parents from manipulating jurisdiction or creating jurisdictional questions and conflicts by moving back and forth between states.
In the present case, the trial court determined that the father had left Alabama on July 24, 2009, with the intention of moving permanently to Colorado. After living in Colorado for four days, the father returned to Alabama because of a medical *458 emergency, and he has lived in Alabama ever since. He filed his custody complaint within a month after he returned to live in Alabama. Although I do not perceive any bad faith on the part of the father in returning to live in this state, I cannot agree that his return satisfies the “continues to live” portion of § 30 — 3B—201(a)(1). The father certainly “lives” in Alabama now, and he was undoubtedly living here when he filed his complaint, but the father did not “eontinue[] to live” in this state during the child’s absence, within the contemplation of § 30-3B-201(a)(l).
I believe the majority opinion places too much emphasis on the word “live” and not enough emphasis on the word “continues.” As I understand the majority’s interpretation, so long as a parent lives in this state at the time of the filing of the custody complaint, the parent satisfies the last clause of § 30-3B-201(a)(l), regardless of whether the parent has been living outside the state for some period and has only recently returned to live in this state. Although I do not find any evidence in the record indicating that the father in this case attempted to do so, the majority’s interpretation would allow a parent to leave this state during the child’s absence with the purpose of living elsewhere and then return to living within this state solely to establish jurisdiction. I cannot concur with establishing any precedent that would allow that result; therefore, I respectfully dissent.