49 So.2d 228

**NALL v. BLAND LUMBER CO.**

**4 Div. 144.**

Court of Appeals of Alabama.

Nov. 21, 1950.

Jas. H. Caldwell, of Phenix City, for appellant.

Patterson & Patterson, of Phenix City, for appellee.

504

HARWOOD, Judge.

In one count the plaintiffs claimed of the defendant the sum of $547.67 "due by and on an instrument in writing, under seal, made and executed by the defendant on April 1, 1944 and due and payable on demand, and demand being made" etc.

The defendant filed a plea of the general issue, and a special plea asserting that the instrument used on was not a demand note, but was a conditional sale contract.

The instrument which is the basis of this suit was received in evidence. The portions thereof material to this appeal are as follows:

"On Demand, after date, I promise to pay Bland Lumber Co., or order, the sum of Eight Hundred and no/100—dollars with interest from date at the rate of eight per cent, per annum, together with all cost of collection, including ten per cent, attorney's fees in event this note is collected by suit or placed in the hands of an attorney for collection.

"This note is given for the purchase money of the following described property, to-wit:

"1 1940 Model Ford 1-½ Ton Cab Over Engine Truck, Motor #108402

"It is agreed and understood that payments on this note are to be made at the rate of $1.00 per thousand feet as lumber is cut exclusively for Bland Lumber Co. Payments are to be deducted each pay day or every two weeks whenever settlements are made. To secure the payment of this note, together with interest, costs and attorney's fees, the payee hereof reserves as security thereof the title to the above described property, and the title thereto is to remain in said payee until this note is fully paid off and discharged."

The defendant below, appellant here, testifying for the defense admitted the execution of the instrument, and that the amount claimed thereon was unpaid, though appellant stated that as he understood the contract the unpaid balance would not be due until it could be paid out of the proceeds of timber he was to cut, at the rate of $1.00 per thousand as timber was cut. Appellant further testified that appellee had furnished him with a sawmill, but he was unable to get labor and could cut no timber. Appellee eventually repossessed the mill and this further prevented his making payments on the note. No timber was sold appellee by appellant after 1945.

In rebuttal Mr. Bland, for the appellee, testified that he visited the sawmill furnished the appellant. It was off in the woods and grass had grown up around it. He thought it would be dangerous to leave the mill there because of fire. He then repossessed the mill.

At the conclusion of the evidence the court instructed the jury, ex mero motu, to return a verdict for the plaintiff.

This action by the trial court furnishes the material assignment of error by the appellant.

If the instrument sued on is a demand instrument the action of the court, in view of appellant's own testimony, is without error.

■ The fact that the instrument contains provisions for the payment of attorney's fees, and retention of title to the truck in the payee, in no way effects its validity as a demand instrument. First National Bank of Montgomery v. Slaughter, 98 Ala. 602, 14 So. 545.

Appellant's counsel insists however that the instrument provides alternative methods of payment, and the payee having elected to receive part payment of the note out

of the timber fund provision, he is bound thereby, and cannot now assert the demand payment provision of the instrument.

We find no merit in appellant's contention. The very first words of the instrument are that it is payable on demand. Nor is this clear and explicit character of the instrument affected by the provision that payments on the note were to "be made at the rate of $1.00 per thousand feet as lumber is cut exclusively for Bland Lumber Co. Payments are to be deducted each pay day or every two weeks whenever settlements are made."

An unqualified promise to pay is unconditional, though coupled with an indication of a particular fund out of which reimbursement is to be made, or a particular account to be debited with the amount. Section 6(1) Title 39, Code of Alabama 1940.

Further, no time for payment is fixed for payment of the instrument out of the lumber cutting provision. Where no time for payment is expressed, an instrument is payable on demand. Section 11(2) title 39, Code of Alabama 1940.

The plaintiffs right to recover being established by uncontroverted facts, no need arose for submitting this case to the jury. Mobile Light and R. Co. v. Roberts, 192 Ala. 486, 68 So. 815. No error resulted in the court's action in the premises.

Affirmed.