I concur with the majority opinion in its holdings that a promissory note can be consideration for the purchase of treasury stock and that injunctive relief was appropriate to protect the voting rights of the shareholder. However, I must respectfully dissent from the holding that the promissory note in this case was not a demand note.
A "negotiable instrument" is defined in Ala. Code 1975, §7-3-104, as follows:
 "(1) Any writing to be a negotiable instrument within this article must:
"(a) Be signed by the maker or drawer; and
 "(b) Contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this article; and
 "(c) Be payable on demand or at a definite time;
and
 "(d) Be payable to order or to bearer." (Emphasis added.)
The note in this case was signed by Horn, as president of Old Towne; it contained a promise to pay $140,000 and no other promise, and it was payable to the order of SCHC. Thus, the only question was whether it was payable on demand or at a definite time.
As the appellants correctly point out in their brief, "Negotiability is determined from the face, the four-corners, of the instrument without reference to extrinsic facts."Holsonback v. First State Bank of Albertville, 394 So.2d 381,383 (Ala.Civ.App. 1980), cert. denied, 394 So.2d 384 (Ala. 1981). Therefore, to be a negotiable instrument, this note must state on its face that it is a demand note or that it is payable at a definite time.
The definition of "on demand" is contained in § 7-3-108: "Instruments payable on demand include those payable at sight or on presentation and those in which no time for payment is stated." Section 7-3-109 defines "payable at a definite time":
 "(1) An instrument is payable at a definite time if by its terms it is payable: *Page 423 
 "(a) On or before a stated date or at a fixed period after a stated date; or
"(b) At a fixed period after sight; or
 "(c) At a definite time subject to any acceleration; or
 "(d) At a definite time subject to extension at the option of the holder, or to extension to a further definite time at the option of the maker or acceptor or automatically upon a specified act or event.
 "(2) An instrument which by its terms is otherwise payable only upon an act or event uncertain as to time of occurrence is not payable at a definite time even though the act or event has occurred." (Emphasis added.)
The only language in the note in question concerning time of payment states that it is "payable when debt is due." Appellants argue that this statement does not give a time for payment, and, therefore, that under § 7-3-108 it is a demand note. The trial judge was not persuaded by this argument, and he ruled that the note was not payable on demand:
 "After considering the evidence offered during the hearing, and reconciling the language of the exhibits, particularly the aforesaid agreement and promissory note, the Court finds that the $140,000 is to be paid from the dividends accrued on the stock. Thus, the underlying payment is to be made from the dividends.
 "It is therefore ORDERED, ADJUDGED and DECREED that since no dividends have been declared to pay the note, the plaintiff must be allowed to vote at the shareholders' meeting on July 15, 1988."
Although he did not specifically so state in his ruling, the trial judge obviously determined that the note was not payable on demand. I think that the trial judge erred in this determination.
I am aware of no Alabama case that has discussed the situation presented in this case, where the time for payment on a promissory note is uncertain from the face of the note. If the time for payment were absent, then unquestionably, this would be a demand note. See Nall v. Bland Lumber Co.,35 Ala. App. 503, 49 So.2d 228 (1950) (applying pre-UCC law). The exact problem of when the time for payment is uncertain from the face of the note is discussed in Anderson's multi-volume series on the Uniform Commercial Code:
 "By the pre-Code law it was held that uncertainty of the due date of an instrument destroyed negotiability, although it did not impair the contract as between the parties.
 "Should this situation arise under the Code, the uncertain due date paper should be treated as paper 'in which no time for payment is stated.' If so regarded, the paper is then payable on demand, and its negotiability is not affected."
5 R. Anderson, Anderson on the Uniform Commercial Code, § 3-108.7 at 260 (1984).
I think that the reasoning of the majority is based uponpre-Code law relating to negotiable instruments. I believe this instrument must be construed in accordance with Article 3 of the UCC.
While I have no disagreement with the proposition of law cited by the majority that contract law governs when the question is merely the rights and liabilities of the original parties, that proposition is not applicable to this case. This is not a simple case of two parties dealing directly with each other. SCHC was the named payee of the note, yet SCHC was not a party to the agreement that provided for the sale of the treasury stock to Horn and Old Towne in return for the note. Further, Farmers and Merchants Bank was involved in the sale of this stock to SCHC so that SCHC could sell it to Horn and Old Towne, as the agreement in question required. Also, the circuit court and the bankruptcy court were involved in the disposition of this stock. In light of the complex nature of the various parties' involvement in this whole transaction and the fact that the payee of the note was not a party to the May 20 agreement, I believe that the question of this note's negotiability is critical. Thus, the UCC, and not general contract law, should govern our analysis of whether this was a demand note. *Page 424 
The note from Old Towne to SCHC had an uncertain due date. Since negotiability is determined from the face of the instrument and not from extrinsic facts, it seems to me that the term "payable when debt is due" is anything but a "definite time" as the statutes require. I would hold that this note was a demand note, and I would reverse that portion of the judgment to the contrary.